UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II,
Plaintiffs,

v.

ALBIN MARINE, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC
Defendants.

06 190 S

April 19, 2006

COMPLAINT

Now comes the plaintiff, Northern Insurance Company of New York, as subrogee of Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count I of its complaint against defendants Albin Marine, Inc., Standish Boat Yard, Inc., and Point Judith Marina, LLC, states as follows:

1. Jurisdiction is founded in the admiralty and maritime powers of this court pursuant to 28 U.S.C. §1333 and F.R.C.P. Rule 9(h) in that the event which gives rise to this action occurred at a marina on the Rhode Island sound, a navigable waterway, and involved launching, docking and mooring which are traditional maritime activities in that the occurrence complained of took place on navigable waters and involved traditional maritime activity.

2. Venue is proper in this District under 28 U.S.C. Section 1391.

3. Plaintiff, Northern Insurance Company of New York, is an insurance company doing business in the State of Rhode Island and is subrogated to all of the rights of its insured, Nicholas Picchione, II, by virtue of having paid a claim made by Nicholas Picchione, II, for the loss of the M/V EVEREADY under a policy of insurance issued to him.

4. Plaintiff Nicholas Picchione, II, is an individual residing in Warwick, Rhode Island.

5. Defendant, Albin Marine, Inc., was and is a corporation and at all relevant times was engaged in the business of building and selling yachts in the State of Rhode Island.

6. Defendant, Standish Boat Yard, Inc., was and is a corporation and at all relevant times was engaged in the business of outfitting, repairing, servicing and selling yachts at Tiverton, Rhode Island.

7. Defendant, Point Judith Marina, LLC, is a limited liability corporation and at all relevant times engaged in the business of storing, hauling, launching, servicing and repairing yachts at Wakefield, Rhode Island.

8. That while at its berth on April 25, 2005, the M/V EVEREADY unexpectantly sank.

COUNT I

PRODUCTS LIABILITY

(As Against Defendants Albin Marine, Inc. and Standish Boat Yard, Inc.)

1. On or about July 3, 1996, Nicholas Picchione, II purchased from defendant Standish Boat Yard, Inc., for his personal use, a 35 foot Albin vessel, Hull I.D. #AUL 35102L495, which he later renamed the "M/V EVEREADY."

2. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II, used the M/V EVEREADY at all times for its intended purpose.

3. On or about April 5, 2005, while afloat at the Point Judith Marina, LLC, was the M/V EVEREADY sank sustaining damages in an amount approximated to be $200,000.00 at this time.

4. On and prior to April 25, 2005, defendants Albin Marine, Inc. and Standish Boat Yard, Inc. had a duty to design, manufacture, sell and distribute the M/V EVEREADY which was not defective and which was reasonably safe when put to the use for which it should have been designed, manufactured, sold and distributed.

5. On and prior to April 25, 2005, said 35 foot Albin vessel, Hull I.D. #AUL 35102L495, manufactured by Albin and Standish Boat Yard, Inc. was defective and not reasonably fit for the purpose for which it was intended.

6. As a direct and proximate result of the defective and not reasonably fit condition of the M/V EVEREADY, sank and was determined to be a constructive total loss. As a result of the loss, plaintiff Northern Insurance Company of New York, was required to pay its insured, Nicholas Picchione, II, a sum of money pursuant to its policy of insurance and incurred additional costs and expenses, all of which totaled in excess of $200,000.00.

WHEREFORE, plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, prays this Court to grant it a judgment against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc. on Count I of this complaint in a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other amounts this Court shall deem proper.

## COUNT II

## NEGLIGENCE

(As Against Defendants Albin Marine, Inc. and Standish Boat Yard, Inc.)

Now come the plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count II of its complaint against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., states as follows:

1-14. Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, reallege paragraphs 1 through 8 of the Complaint and paragraphs 1 through 6 of Count I of their complaint as though set forth in full as paragraphs 1 through 15 of Count II of its complaint.

15. On or before April 25, 2005, defendants Albin Marine, Inc. and Standish Boat Yard, Inc. were guilty of one or more of the following wrongful acts or omissions:

(a) Carelessly and negligently designed and constructed the core and lamination on the M/V EVEREADY;

(b) Carelessly and negligently designed, constructed and installed thru-hull fittings;

(c) Carelessly and negligently designed and constructed the hoses it installed in the vessel that were connected to thru-hull fittings;

(d) Carelessly and negligently failed to warn the plaintiff Nicholas Picchione, II;

(e) Were otherwise negligent and careless.

16. As a direct and proximate result of one or more of defendants Albin Marine, Inc. and Standish Boat Yard, Inc.'s negligent acts or omissions, the M/V EVEREADY sank and sustained damages.

17. Plaintiff Northern Insurance Company of New York paid its insured, Nicholas Picchione, II, for that loss pursuant to the policy of insurance issued to him and has incurred substantial additional expenses. Said loss and expenses were in excess of $200,000.00.

WHEREFORE, plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, prays this Court to grant it a judgment against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., on Count II of its complaint for a sum in excess of $200,000.00, plus attorneys fees, interest, costs and such other relief this Court shall deem proper.

COUNT III

IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

(As Against Defendants Albin Marine, Inc. and Standish Boat Yard, Inc.)

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count III of their complaint against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., state as follows:

1-14. Plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, reallege paragraphs 1 through 8 of the Complaint and paragraphs 1 through 6 of Count I of their complaint as though set forth in full as paragraphs 1 through 14 of Count III of their complaint.

15. On and prior to April 25, 2005, defendants Albin Marine, Inc. and Standish Boat Yard, Inc. impliedly warranted to plaintiff Nicholas Picchione, II that the M/V EVEREADY and all of her equipment were fit for the purpose of which they were intended.

16. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of fitness for a particular purpose.

17. As a direct and proximate result of the breach of said implied warranty for a particular service, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him. As subrogee of plaintiff Nicholas Picchione, II, plaintiff Northern Insurance Company of New York has incurred a substantial loss in excess of $200,000.00.

WHEREFORE, plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, prays this Court to grant it a judgment against defendants Albin Marine, Inc. and

Standish Boat Yard, Inc. on Count III of its complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief as the Court shall deem proper.

COUNT IV

IMPLIED WARRANTY OF MERCHANTABILITY

(As Against Defendants Albin Marine, Inc. and Standish Boat Yard, Inc.)

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count IV of their complaint against defendants Albin Marine, Inc. and Standish Boat Yard, Inc., state as follows:

1-14. Plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, reallege paragraphs 1 through 8 of the Complaint and paragraphs 1 through 6 of Count I of their complaint as though set forth in full as paragraphs 1 through 14 of Count IV of their complaint.

15. On or before April 25, 2005, defendants Albin Marine, Inc. and Standish Boat Yard, Inc. impliedly warranted to plaintiff Nicholas Picchione, II that said M/V EVEREADY and her equipment and impertinences were merchantable.

16. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of merchantability.

17. As a direct and proximate result of the breach of said implied warranty of merchantability, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, plaintiff Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him. As subrogee of Nicholas Picchione, II, plaintiff Northern Insurance Company of New York has incurred a substantial loss in excess of $200,000.00.

WHEREFORE, plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, prays this Court to grant it judgment against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., on Count IV of its complaint in a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief this Court shall deem proper.

COUNT V

IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

(As Against Defendant Albin Marine, Inc. and Standish Boat Yard, Inc.)

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count V of their complaint against defendants Albin Marine, Inc. and Standish Boat Yard, Inc., state as follows:

1-14. Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II reallege paragraphs 1 through 8 of the Complaint and paragraphs 1 through 6 of Count I of their complaint as though set forth in full as paragraphs 1 through 14 of Count V of their complaint.

15. On and prior to April 25, 2005, defendants Albin Marine, Inc. and Standish Boat Yard, Inc.'s implied warranty to plaintiff Nicholas Picchione, II that the said M/V EVEREADY was fit for the purpose of boating.

16. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of fitness for a particular purpose.

17. As a direct and proximate result of the breach of said implied warranty of fitness for a particular purpose, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, plaintiff Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him and incurred additional expenses all of which totaled in excess of $200,000.00.

WHEREFORE, plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, pray this Court to grant them judgment against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., on Count VII of its complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

COUNT VI

IMPLIED WARRANTY OF MERCHANDISE

(As Against Defendants Albin Marine, Inc. and Standish Boat Yard, Inc.)

Now come plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count VI of their complaint against defendants Albin Marine, Inc. and Standish Boat Yard, Inc., state as follows:

1-14. Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II reallege paragraphs 1 through 8 of the Complaint and paragraphs 1 through 6 of Count II of their complaint as though set forth in full as paragraphs 1 through 14 of Count VI of their complaint.

15. On and prior to April 25, 2005, defendants Albin Marine, Inc. and Standish Boat Yard, Inc. implied warranty to plaintiff Nicholas Picchione, II that the said M/V EVEREADY was merchantable.

16. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of merchantability.

17. As a direct and proximate result of the breach of said implied warranty of implied merchantability, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, plaintiff Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him and incurred additional expenses all of which totaled in excess of $200,000.00.

WHEREFORE plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, pray this Court to grant them judgment against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., on Count VIII of its complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

COUNT VII

BREACH OF WARRANTY OF WORKMANLIKE SERVICE

(As Against Defendant Point Judith Marina, LLC)

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count VII of their complaint against defendant Point Judith Marina, LLC, state as follows:

1-14. Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, reallege paragraphs 1 through 8 of the Complaint and paragraphs 1 through 6 of Count I of their complaint as though set forth in full as paragraphs 1 through 14 of Count II of its complaint.

15. That in failing to perform the services that it did perform on the M/V EVEREADY in a proper manner, defendant Point Judith Marina, LLC, breached the maritime warranty of workmanlike service that it owes to plaintiffs; i.e.,

1) that defendant Point Judith Marina, LLC, knowing that the M/V EVEREADY was "down" in the water, failed to determine the reason for the same;
2) that defendant Point Judith Marina, LLC failed to determine if water was entering the M/V EVEREADY following it launching the same;
3) that defendant Point Judith Marina, LLC failed to install a pump or insure that the vessel's pumps were on and operational after launching the M/V EVEREADY;

4) that defendant Point Judith Marina, LLC failed to monitor the M/V EVEREADY after launching the same; and

5) that defendant Point Judith Marina, LLC was neglectful in its duties and responsibilities to the M/V EVEREADY.

16. That as a result of defendant Point Judith Marina, LLC's breach of its warranty of workmanlike service, plaintiffs have been damaged in an amount in excess of $200,000.00.

WHEREFORE, plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, pray this Court to grant them judgment against defendant Point Judith Marina, LLC, on Count VII of its complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

## COUNT VIII

## BREACH OF CONTRACT/NEGLIGENCE

## (As Against Defendant Point Judith Marina, LLC)

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count VIII of their complaint against defendant Point Judith Marina, LLC, state as follows:

1-14. Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, reallege paragraphs 1 through 8 of the Complaint, paragraphs 1 through 6 of Count I and paragraphs 15 and 16 of Count VII of their complaint as though set forth in full as paragraphs 1 through 16 of Count VII of its complaint.

17. The repair work/services performed by defendant Port Judith Marina, LLC, on the M/V EVEREADY were substandard, unworkmanlike, inadequate, faulty and defective. Defendant Port Judith Marina, LLC, failed to adequately insure that there were no leaks in the

M/V EVEREADY and that the bilge pumps were operational at all relevant times and/or failed to inspect the vessel regularly for on the egress of water and/or to replace a pump on the M/V EVEREADY.

18. That as a result of defendant Point Judith Marina, LLC's breaches, the plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II have been damaged in an amount in excess of $200,000.00.

WHEREFORE, plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, pray this Court to grant them judgment against defendant Point Judith Marina, LLC, on Count VII of its complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

COUNT IX

BAILMENT

(As Against Defendant Point Judith Marina, LLC)

Now comes the plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, by their attorneys, Lovejoy & Associates, and for Count IX of its complaint against defendants, Albin Marine, Inc. and Standish Boat Yard, Inc., states as follows:

1-14. Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, reallege paragraphs 1 through 8 of the Complaint, paragraphs 1 through 6 and paragraphs 15 and 16 of Count VII of Count I of their complaint as though set forth in full as paragraphs 1 through 16 of Count IX of its complaint.

17. That on a date prior to April 25, 2005, the M/V EVEREADY was received by and accepted by and accepted into the care, custody and control of defendant Point Judith Marina, LLC.

18. That while the M/V EVEREADY was in the care, custody, and control of defendant Point Judith Marina, LLC, it agreed to perform certain repairs/services to the M/V EVEREADY and thereafter, to launch and care for the said M/V EVEREADY.

19. That at all time herein mentioned, the defendant Point Judith Marina, LLC owed to plaintiff Nicholas Picchione, II, the contractual duty to safely care for and return the M/V EVEREADY in the like good order and condition as when received by defendant, Point Judith Marina, LLC, but rather allowed her to sustain damages while in defendant Point Judith Marina, LLC's possession.

20. At all time mentioned herein, plaintiff Nicholas Picchione, II, performed all conditions required of him by law to be performed.

WHEREFORE, plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, pray this Court to grant them judgment against defendant Point Judith Marina, LLC, on Count VII of its complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

Dated: Providence, Rhode Island
April 19, 2006

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: [signature]

Frederick A. Lovejoy (Bar No. 5311)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

ComplaintPicchione.doc