UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

**ANSWER, COUNTERCLAIM, AND JURY DEMAND**

The defendant, Point Judith Marina LLC ("PJM") hereby responds to the allegations of the plaintiffs, Northern Insurance Company of New York ("Northern") and Nicholas Picchione ("Picchione") (collectively "Plaintiffs"), in numbered paragraphs corresponding to those of the Complaint, all pursuant to Fed. R. Civ. P. 8. Whenever headings appearing in the Complaint are repeated here, that repetition is solely for ease of reference, and is without prejudice.

1. This paragraph does not allege well-pleaded facts but instead sets forth a conclusion of law as to which PJM is not obliged to respond. To the extent any response is deemed to be required, PJM puts plaintiffs to their proof.

2. This paragraph does not allege well-pleaded facts but instead sets forth a conclusion of law as to which PJM is not obliged to respond. To the extent any response is deemed to be required, PJM puts plaintiffs to their proof.

3. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

5. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

6. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

7. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

8. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

**Count I**

*(caption repeated only for the purpose of avoiding incomprehensibility)*

1. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. Denied. PJM understands that, among other things, the vessel in question was run aground at least twice before April 25, 2005, and running aground is not an intended purpose of such a vessel.

3. This paragraph is ungrammatical and incomprehensible, but in any event its averments are denied.

4. This paragraph is ungrammatical and incomprehensible, but in any event, it makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM denies and puts plaintiffs to their proof.

5. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count II**
*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content, PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

15. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count III**
*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content,

PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

15. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count IV**

*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content, PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

15. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count V**

*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content, PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

15. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count VI**

*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content, PJM hereby restates and incorporates by reference its responses to them (as reflected above); all as if the responses were set forth here at full length.

15. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. This paragraph makes no allegations relating to the liability of PJM, wherefore PJM declines to respond. To the extent that any other response is deemed required, PJM is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count VII**
*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content, PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

15. Denied.

16. Denied.

**Count VIII**
*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content, PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

17. Denied.

18. Denied.

**Count IX**
*(caption repeated only for the purpose of avoiding incomprehensibility)*

1-14. The complaint contains no paragraphs whatsoever numbered 9 through 14, and thus it is impossible to understand what a defendant is supposed to respond to with regard to the paragraphs with those numbers. As to any paragraphs that actually contain any content,

PJM hereby restates and incorporates by reference its responses to them (as reflected above), all as if the responses were set forth here at full length.

17. Denied. PJM launched the vessel and delivered it into the care and custody of Plaintiff Picchione before she sank.

18. Denied. Certain work was performed and the boat was launched, but the responsibility for the vessel thereafter was that of Plaintiff Picchione exclusively.

19. Denied.

20. Denied.

## FIRST AFFIRMATIVE DEFENSE

The claim must be denied inasmuch as Plaintiff Picchione has expressly released PJM, and waived any claim for damage to the vessel.

## SECOND AFFIRMATIVE DEFENSE

If any injury to the interests of the plaintiff is found, the cause of it was in whole or in part his own negligence, for which reason the claim is barred or limited.

## THIRD AFFIRMATIVE DEFENSE

If the Plaintiff has been damaged as alleged (which is denied), the responsibility for this lies with some person or entity for whose conduct PJM is and was not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Any obligations that PJM might have otherwise had to the plaintiff have been discharged and extinguished by his conduct, and for this reason PJM owes the plaintiff nothing.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate his damages, for which reason this claim is barred or limited.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff Picchione has expressly agreed and specified that no bailment relationship existed as between him and PJM, wherefore there can be no recovery in bailment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Picchione expressly agreed that the liability of PJM is limited to the upkeep of the marina, which bars any recovery in this case.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff Picchione expressly agreed to hold harmless and indemnify PJM with respect to any damage to Picchione's boat (as more further detailed below in the Counterclaim), and — without prejudice to PJM's right to an independent recovery pursuant to the counterclaim — the indemnity obligation operates as a set-off as against any possible judgment against PJM.

WHEREFORE the Defendant PJM demands that the Complaint be dismissed, that all relief sought against it be denied, that it may have its costs of defense of this matter, and that it may have such other relief as the Court may deem just.

## COUNTERCLAIM

1. Plaintiff and (defendant-in-counterclaim) Picchione signed a written storage contract, under the terms of which his boat was tied up at PJM after it was placed into the water.

2. The aforesaid contract expressly provided that Plaintiff Picchione promised to indemnify and hold PJM harmless with respect to any damage to his boat, including any damage caused by negligence of its employees.

3. By reason of Picchione's promise, he is obliged to indemnify PJM for any amounts that PJM may eventually be adjudged liable to pay to the plaintiffs, together with any and all legal fees incurred in the defense of this matter, as well as any other costs.

WHEREFORE Point Judith Marina LLC prays that judgment enter against Picchione and in favor of PJM in the amount of any judgment that may be entered against PJM, together with any and all other legal fees and other costs of participating in this action.

**JURY DEMAND**

PJM demands trial by jury on all issues so triable, both on the plaintiffs' complaint, and as to PJM's counterclaim.

Dated: June 23, 2006

**POINT JUDITH MARINA, INC.**
By its attorneys,

Stephen T. Armato, R. I. Bar #6395
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
tel: (401) 274-7850; fax: (401) 274-9670

**CERTIFICATE OF SERVICE:**

By my signature below, I hereby certify that on this 23rd day of June, 2006, I have mailed, via first class United States Postal Service, postage prepaid, the above document(s) to the following counsel of record:

*served upon:*
Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
c/o LIBERATI & PERETTI LLP
1536 Westminster Street
Providence, Rhode Island 02909

And

276 Center Road
Easton, CT 06612-1604

Stephen T. Armato, R. I. Bar #6395



02006-0045
610378v1