UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | |
| v. | : | C.A. 06-190S |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC, Defendants | : | |

ANSWER AND CROSSCLAIMS OF DEFENDANT ALBIN MANUFACTURING, INC.

Now comes the Defendant, Albin Manufacturing, Inc., by its attorneys, and answering Plaintiff's complaint, states as follows:

1. Paragraph 1 of Plaintiff's complaint sets forth a conclusion of law, to which no response is required. To the extent that a response is deemed to be required, Defendant denies the allegations of Paragraph 1 of the complaint.

2. Paragraph 2 of Plaintiff's complaint sets forth a conclusion of law, to which no response is required. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

3. Defendant lacks sufficient information to either admit or deny this allegation.

4. Defendant lacks sufficient information to either admit or deny this allegation.

5. Defendant admits that it is a duly incorporated company doing business in Rhode Island.

6. Defendant lacks sufficient information to either admit or deny this allegation.

7. Defendant lacks sufficient information to either admit or deny this allegation.

8. Defendant lacks sufficient information to either admit or deny this allegation.

COUNT I
PRODUCTS LIABILITY

1. Defendant lacks sufficient information to either admit or deny this allegation.

2. Defendant denies the allegations of Paragraph 2 of Count I.

3. Defendant lacks sufficient information to either admit or deny this allegation.

4. Paragraph 4 of Count I of Plaintiff's complaint sets forth a conclusion of law, to which no response is required. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

5. Defendant denies the allegations of Paragraph 5 of Count I.

6. Defendant denies the allegations of Paragraph 6 of Count I.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

COUNT II
NEGLIGENCE

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

15. Defendant denies the allegations of f Paragraph 15 of Count II.

16. Defendant lacks sufficient information to either admit or deny this allegation.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

COUNT III
IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

15. Defendant denies the allegations of Paragraph 15 of Count III.

16. Defendant denies the allegations of Paragraph 16 of Count III.

17. Defendant denies the allegations of Paragraph 17 of Count III.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

## COUNT IV
## IMPLIED WARRANTY OF MERCHATABILITY

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

15. Defendant denies the allegations of Paragraph 15 of Count IV.

16. Defendant denies the allegations of Paragraph 16 of Count IV.

17. Defendant denies the allegations of Paragraph 17 of Count IV.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

## COUNT V
## IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

15. Defendant denies the allegations of Paragraph 15 of Count V.

16. Defendant denies the allegations of Paragraph 16 of Count V.

17. Defendant denies the allegations of Paragraph 17 of Count V.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

COUNT VI
IMPLIED WARRANTY OF MERCHANDISE

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

15. Defendant denies the allegations of Paragraph 15 of Count VI.

16. Defendant denies the allegations of Paragraph 16 of Count VI.

17. Defendant denies the allegations of Paragraph 17 of Count VI.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

COUNT VII
BREACH OF WARRANTY OF WORKMANLIKE SERVICE

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

15. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

16. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

COUNT VIII
BREACH OF CONTRACT /NEGLIGENCE

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

17. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

18. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

COUNT IX
BAILMENT

1-14. Defendant restates its responses to Paragraphs 1 through 8 of the complaint and to Paragraphs 1 through 6 of Count I thereof, inclusive, as if fully set forth herein.

17. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

18. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

19. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

20. This paragraph makes no allegations relating to Defendant Albin Manufacturing, Inc., wherefore, Defendant declines to respond. To the extent that a response is deemed to be required, Defendant puts Plaintiffs to their proof.

WHEREFORE, Defendant Albin Manufacturing, Inc., respectfully requests that Plaintiffs' complaint, and the relief sought therein, be denied and dismissed and that Defendant be awarded its costs and attorney's fees incurred herein.

FIRST AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as Plaintiffs' claims were not brought within the applicable period required by law.

SECOND AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as Plaintiffs are guilty of laches in bringing their claims.

THIRD AFFIRMATIVE DEFENSE

This Court, sitting in Admiralty, lacks subject matter jurisdiction over the claims set forth in Counts I, III, IV, V and VI of Plaintiffs' complaint.

FOUTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as any damages suffered by Plaintiffs were not proximately caused by any acts or omissions of Defendant Albin Manufacturing, Inc.

FIFTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as Plaintiffs assumed the risk of any injuries and damages.

SIXTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as Plaintiffs, by their own negligence, contributed directly and proximately to their own injuries and damages.

SEVENTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as the negligence of the Plaintiffs exceeded the negligence, if any, of Defendant Albin Manufacturing, Inc.

EIGHTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as the damages suffered by the Plaintiffs, if any, were caused by acts of third parties whose actions Defendant Albin Manufacturing, Inc. had no reason to anticipate, and/or by third parties of whom Defendant Albin Manufacturing, Inc. had no knowledge and over whom it exercises no control.

NINETH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as Plaintiffs alleged injuries and damages were not caused by a product manufactured or sold by Defendant Albin Manufacturing, Inc., but rather, by misuse of the product.

TENTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as the product at issue in this action had been altered by the time of the accident referred to in the complaint.

ELEVENTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, as the defect, if any, in the product at issue in this action, was an open and obvious defect.

TWELFTH AFFIRMATIVE DEFENSE

Recovery against Defendant Albin Manufacturing, Inc. is barred, due to insufficiency of process and service of process.

THIRTEENTH AFFIRMATIVE DEFENSE

All rights of recovery against Defendant Albin Manufacturing, Inc. are limited by the terms and conditions of any warranty that may be applicable to the product at issue in this action.

CROSSCLAIM OF DEFENDANT ALBIN, MARINE, INC. AGAINST DEFENDANT STANDISH BOAT YARD, INC.

To the extent that the Plaintiffs were damaged or injured in any way, said damages or injuries were due to the negligence, acts, omissions and/or breath of contract of Defendant Standish Boat Yard, Inc., its agents, servants or employees and accordingly, Defendant Albin Manufacturing, Inc. is entitled to be reimbursed, indemnified and held harmless by Defendant Standish Boat Yard, Inc. for any judgment against it in this matter, including without limitation, all costs and attorney's fees expended in the defense of the action as well as the prosecution of the cross-claim.

CROSSCLAIM OF DEFENDANT ALBIN, MARINE, INC. AGAINST DEFENDANT POINT JUDITH MARINA, LLC

To the extent that the Plaintiffs were damaged or injured in any way, said damages or injuries were due to the negligence, acts, omissions and/or breath of contract of Defendant Point Judith Marina, LLC, its agents, servants or employees and accordingly, Defendant Albin Manufacturing, Inc. is entitled to be reimbursed, indemnified and held harmless by Defendant Point Judith Marina, LLC for any judgment against it in this matter, including without limitation, all costs and attorney's fees expended in the defense of the action as well as the prosecution of the cross-claim.

Dated: Newport, Rhode Island
October 19, 2006

ALBIN MANUFACTURING, INC.,
By its Attorneys,

____/S/____________________

Gregory B. Klaiber (Bar # 2114)
38 Bellevue Avenue
Newport, Rhode Island 02840
(401) 846-3951
(401) 849-4980 fax

CERTIFICATION

- **Steven T. Armato**
  sarmato@cetcap.com
  kbjornlund@cetcap.com;agriffin@cetcap.com;mcahalane@cetcap.com
- **Gregory B. Klaiber**
  gbklaiber@hotmail.com
- **Stephen I. Lipman**
  lipman.law@cox.net
- **Frederick A. Lovejoy**
  lovejoyadm@aol.com

I certify that I electronically served the parties listed above using the ECF System of the within Answer and Crossclaims on this 30th day of October, 2006.

/S/

______________________________