UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | |
| | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | January 15, 2008 |

MOTION FOR ORDER ALLOWING PLAINTIFFS
TO DISPOSE OF THE M/V EVEREADY

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, and move this Court for an Order allowing it to dispose of the M/V EVEREADY, and in support of the same state as follows:

1. That this Court, by U.S. Magistrate Judge Robert W. Lovegreen, held a status conference on September 20, 2007, at which the plaintiffs requested a modification of the scheduling order to allow their expert witnesses, and those of defendants, to conduct additional inspections and testing of the M/V EVEREADY.

2. That expert witnesses for the plaintiffs and defendants attended at the M/V EVEREADY in October and November, 2007.

3. That plaintiffs' expert witnesses issued their reports by the November 16, 2007 deadline imposed by the Court.

4. That defendants did not disclose any expert opinions by December 7, 2007, as directed by the Court.

5. That following the inspections and testing conducted by plaintiffs' and defendants' expert witnesses, the undersigned contacted counsel for defendants and requested their consent to the disposal of the M/V EVEREADY by sale or otherwise.

6. That counsel for defendants responded, stating that they objected to plaintiffs' plan to dispose of the M/V EVEREADY by sale or otherwise.

7. That plaintiff Northern Insurance Company of New York has been incurring storage costs in respect to the M/V EVEREADY.

8 That plaintiffs have conducted all of the testing, et cetera, that they require, and the defendants have not proposed any additional testing, et cetera.

9. That the plaintiffs are afraid that if they do not obtain the consent of defendants, or the Court, prior to selling and/or disposing of the M/V EVEREADY, that the defendants may possibly raise an issue of spoliation of evidence.

## CONCLUSION

Based on the foregoing, the plaintiffs request that this Court issue an order granting plaintiffs' request that they be allowed to dispose of the M/V EVEREADY by sale or otherwise.

Dated: Providence, Rhode Island
January 15, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: ______________________
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneMotionDispose1-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 15, 2008, postage prepaid, to:

Stephen I. Lipman, Esq.
45 Bromfield Street
Boston, Massachusetts 02108

Gregory Klaiber, Esq.
38 Bellview Avenue
Newport, Rhode Island 02840

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY