UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | |
| | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | January 14, 2008 |

MOTION TO COMPEL BY PLAINTIFFS AGAINST
DEFENDANT STANDISH BOAT YARD, INC.

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, and move this Court pursuant to Fed. R. Civ. P., Rule 26, for an Order compelling defendant Standish Boat Yard, Inc. to properly respond to plaintiffs': 1) October 15, 2007 Request for Production of Documents, and 2) October 22, 2007 Request for Production of Documents (See Exhibits A and B respectively), and in support of the same states as follows:

1. That plaintiffs have attempted in good faith to amicably resolve this dispute but have not been able to do so.

2. That defendant Standish Boat Yard, Inc.'s: 1) Response to Request for Production of Documents dated October 15, 2007, and 2) Response to Request for Production of Documents dated October 22, 2007 are attached hereto as Exhibits A and B.

3. That plaintiffs believe that defendant Standish Boat Yard, Inc.'s response that, "All documents related to the motor vessel EVEREADY in the possession of Standish Boat Yard, Inc. have been produced in response to previous requests for discovery," is improper on its face.

4. Simply put, plaintiffs served additional discovery requests as new information was obtained in this case, and if defendant Standish Boat Yard, Inc. no longer possesses and/or never possessed documents it should so state.

CONCLUSION

Based on the foregoing, this Court should compel defendant Standish Boat Yard, Inc. to produce the requested documentation and/or respond directly to the subject requests for Production of Documents.

Dated: Providence, Rhode Island
January 14, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By:____________________
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneMotionCompelSBY1-08.doc

# Exhibit A

14

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. NO. 06-190S

NORTHERN INSURANCE COMPANY
OF NEW YORK AND NICHOLAS
PICCHIONE, II,
Plaintiffs

vs.

ALBIN MARINE, INC.
STANDISH BOAT YARD, INC.,
AND POINT JUDITH MARINA, LLC
Defendants

DEFENDANT, STANDISH BOAT YARD, INC.'S,
RESPONSE TO REQUEST FOR PRODUCTION
OF DOCUMENTS DATED OCTOBER 15, 2007

Now comes the Defendant, Standish Boat Yard, Inc., and responds as follows to the Plaintiffs' Request for Production of Documents.

1. Any and all documents, writings, or the like relating to and/or concerning the installation of the generator and/or its appurtenances on the M/V EVEREADY.

Response

All documents in the possession of or control of the defendant, Standish Boat Yard, Inc. have previously been produced in response to prior requests for production of documents.

2. Any and all documents, writings, or the like relating to ballast placed on board the M/V EVEREADY.

Response

All documents in the possession of or control of the defendant, Standish Boat Yard, Inc. have previously been produced in response to prior requests for production of documents.

3. Any and all documents, writings, or the like relating to and/or concerning discussions/communications with defendant Albin Manufacturing, Inc. concerning the installation of the generator and/or ballast on the M/V EVEREADY.

Response

All documents in the possession of or control of the defendant, Standish Boat Yard, Inc. have previously been produced in response to prior requests for production of documents.

4. Any and all documents, writings, or the like relating to and/or concerning calculations, tests or the like performed in conjunction with and/or as the result of the installation of the generator and/or ballast on the M/V EVEREADY.

Response

All documents in the possession of or control of the defendant, Standish Boat Yard, Inc. have previously been produced in response to prior requests for production of documents.

5. Any and all documents, writings, or the like concerning the installation of thru hull fittings on the M/V EVEREADY.

Response

All documents in the possession of or control of the defendant, Standish Boat Yard, Inc. have previously been produced in response to prior requests for production of documents.

Respectfully submitted,

Standish Boat Yard, Inc.

By its attorney,

Stephen I. Lipman
45 Bromfield Street
Boston, MA 02108-4106
(617) 723-2900

# Exhibit B

36

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C.A. NO. 06-190S

NORTHERN INSURANCE COMPANY
OF NEW YORK AND NICHOLAS
PICCHIONE, II,
Plaintiffs

vs.

ALBIN MARINE, INC.
STANDISH BOAT YARD, INC.,
AND POINT JUDITH MARINA, LLC
Defendants

DEFENDANT, STANDISH BOAT YARD, INC.'S, RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS DATED OCTOBER 22, 2007

Now comes the Defendant, Standish Boat Yard, Inc., and responds as follows to the Plaintiffs' Request for Production of Documents.

1. All brochures, manuals, books, circulars, internal memoranda and/or documents and/or other writings in the possession of defendants Albin Manufacturing, Inc. and/or Standish Boat Yard, Inc. at the time the M/V EVEREADY was being built/delivered, which dealt with and/or addressed: 1) the use and/or necessity of placing chaffing gear or the like, and 2) the use of strain relief devices, on exhaust hoses/exhaust systems on vessels, ships, boats, or the like.

Response

All documents related to the motor vessel EVEREADY in the possession of Standish Boat Yard, Inc. have been produced in response to previous requests for discovery.

Standish Boat Yard did not manufacture the subject motor vessel and all brochures, manuals, books, circulars, etc., would have come from third parties who had manufactured the vessel or its sub-components.

Respectfully submitted,

Standish Boat Yard, Inc.

By its attorney,

/ Stephen I. Lipman

Stephen I. Lipman
45 Bromfield Street
Boston, MA 02108-4106
(617) 723-2900

11/14/07

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on January 14, 2008, postage prepaid, to:

Stephen I. Lipman, Esq.
45 Bromfield Street
Boston, Massachusetts 02108

Gregory Klaiber, Esq.
38 Bellview Avenue
Newport, Rhode Island 02840

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY