UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

**POINT JUDITH MARINA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS**

Defendant hereby responds pursuant to Fed. R. Civ. P. 34 with its objections and responses to the document request of the Plaintiffs.

**GENERAL OBJECTION**

Defendant objects generally to any part of the definitions, instructions, or individual interrogatories that call for performance beyond that required by Fed. R. Civ. P. 34. In addition, Defendant objects generally to any discovery request in any form that seeks material not reasonably calculated to lead to the discovery of evidence admissible on the limited issues raised by the pleadings, and further objects to any aspect of the opponent's discovery request that operates to broaden the scope of the pleadings, either directly or by implication. Defendant further objects to any discovery request that seeks material protected by any privilege, including without limitation the work-product protection or the attorney-client privilege. These objections are stated in this general form in the interests of clarity and brevity of the individual responses that follow, but are specifically incorporated into each response below, as if the entire text had been set forth at length at each individual location. Where Defendant decides to provide information in spite of an objection, he does so without prejudice or waiver, as a matter of a simple decision not to litigate the particular point in question, in order to avoid unnecessary controversy on points where Defendant, in its sole discretion, deems that such controversy is not in its interests. Any such disclosure does not amount to any admission or concession as to the merits of the discovery request in question, nor of Defendant 's objection thereto under any circumstances. In certain cases, Defendant may elect to "over-comply" rather than spend time and resources to litigate whether a particular document or item of information actually is or is not responsive to the opponent's discovery requests.

Thus, the production by Defendant of any particular document (or object) to the opponent, or the giving of any response to an interrogatory, does not amount to a concession on the part of Defendant that the document, object, or item of information in question is actually responsive to the opponent's requests. Any such disclosure does not constitute any affirmative use of the information in question for Defendant 's purposes in the litigation. Since pretrial discovery is not yet completed, Defendant expressly reserves the right to supplement this response as additional information becomes known through the discovery process. In particular, any such disclosure does not constitute any affirmative use of the information in question for Defendant 's purposes in the litigation. Since pretrial discovery is not yet completed, Defendant expressly reserves the right to supplement this response as additional information becomes known through the discovery process.

## SPECIFIC OBJECTIONS AND/OR RESPONSES

### REQUEST NO. 1

All contracts, agreements or the like entered into by and between plaintiff Nicholas Picchione, II and defendant Point Judith Marina, LLC for the period of time from January 1, 1996 to date, which relate to and/or concern the 35 foot Albin vessel; i. e., the EVEREADY, owned by plaintiff Nicholas Picchione, II.

### OBJECTION AND/OR RESPONSE NO. 1

The requested documents have already been produced to the plaintiff.

### REQUEST NO. 2

All documents, time cards, invoices, bills, writings or the like that reflect and/or concern work/services performed by defendant Point Judith Marine, LLC and/or its agents and/or subcontractors on the 35 foot Albin vessel; i. e., the EVEREADY, owned by Nicholas Picchione, II.

### OBJECTION AND/OR RESPONSE NO. 2

The requested documents have already been produced to the plaintiff.

### REQUEST NO. 3

All documents, time cards, invoices, bills, writings or the like which reflect and/or concern materials/equipment placed and/or installed on the 35 foot Albin vessel; i. e., the EVEREADY, owned by Nicholas Picchione, II, for the period of January 1, 1996 to date.

### OBJECTION AND/OR RESPONSE NO. 3

The requested documents have already been produced to the plaintiff.

**REQUEST NO. 4**
Any and all other documents in your possession, custody and/or control which relate to and/or concern the 35 foot Albin vessel; i. e., the EVEREADY, owned by Nicholas Picchione, II, for the time period of January 1, 1996 to date.

**OBJECTION AND/OR RESPONSE NO. 4**
The requested documents have already been produced to the plaintiff.

**REQUEST NO. 5**
All insurance policies and/or communications with any underwriter in respect to the 35 foot Albin vessel; i. e., the EVEREADY, owned by Nicholas Picchione, II.

**OBJECTION AND/OR RESPONSE NO. 5**
The requested documents have already been produced to the plaintiff, or are delivered herewith.

**REQUEST NO. 6**
All documents, writings or the like that you intend to offer/introduce into evidence at the trial of this matter.

**OBJECTION AND/OR RESPONSE NO. 6**
To the extent not already delivered to the plaintiff, the identity of such documents has not yet been determined.

Dated: April 13, 2007

POINT JUDITH MARINA, INC.
By its attorneys,
Michael Rauworth

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
CETRULO & CAPONE LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 13th day of April, 2007, I have served the above documents on the following counsel of record via postage pre-paid United States First Class Mail:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604

Gregory B. Klaiber, Esq.
39 Bellevue Avenue
Newport, RI 02840

Stephen I. Lipman, Esq.
45 Bromfield Street, 8th Floor
Boston, MA 02108-4106

Michael Rauworth

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: mrauworth@cetcap.com
Email: sarmato@cetcap.com