UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | |
| | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | February 4, 2008 |

PLAINTIFFS' REPLY TO THE OPPOSITION OF POINT JUDITH TO PLAINTIFFS' MOTION TO COMPEL DATED FEBRUARY 1, 2008 (DOCKET NO. 38)

Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II submit this reply in response to the Opposition of Point Judith to Plaintiffs' Motion to Compel (Docket No. 38), and states as follows:

First: Defendant Point Judith Marina, LLC's claims that it "long ago produced to the plaintiffs its files" is belied by the testimony of its manager, Mr. Vivenzio, who testified that the documents, including those related directly to work or services performed by defendant Point Judith Marina, LLC's personnel in the days immediately preceding the vessel's sinking, were not present in the packet of documents served on plaintiffs by defendant Point Judith Marina, LLC's counsel.[1]

Second: Fed. R. Civ. P., Rule 34(b)(i) specifically states:

> (i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(emphasis added)

[1] Additionally, Mr. Vivenzio testified that some of the documents produced were missing pages or their reverse sides.

The documentation produced by Point Judith does not appear to have been produced in accordance with either of the directives of Fed. R. Civ. P. Rule 34(b)(i).

Third: Plaintiffs' October 16, 2007 Request for Production of Documents: 1) narrowed plaintiffs' earlier request, based upon reviewing the documentation actually produced by defendant Point Judith Marina, LLC, and 2) requested some new material/documents.

Fourth: Point Judith Marina, LLC's Objections and Responses to Plaintiffs' Document Request, provided to counsel for plaintiffs at the deposition of Mr. Vivenzio on January 24, 2008, in response to plaintiffs' October 16, 2007 Request for Production of Documents, should be disregarded by this Court because it was served long beyond the time parameters contained in Fed. R. Civ. P., Rule 34(b); i.e., November 16, 2007, which states in pertinent part:

> The party upon whom the request is served shall serve a written response within 30 days after the service of the request.

(emphasis added)

Here, defendant Point Judith Marina, LLC simply does not advise this Court why it served its responses two months past the Rule 34(b) deadline.

Fifth: Counsel for defendant Point Judith Marina, LLC's contention, that the file of Mr. Dennis Layfield is somehow protected by the attorney-work product privilege, is meritless.

Simply stated, counsel for defendant Point Judith Marina, LLC mischaracterizes the relationship of Mr. Dennis Layfield. Mr. Layfield is a marine surveyor who was retained by the underwriter for defendant Point Judith Marina, LLC to investigate the reason for the sinking of a vessel at its insured's facility. According to Mr. Vivenzio, Mr. Layfield was retained by IMU and attended at Point Judith Marina, LLC on the date that the M/V EVEREADY was raised, i.e., April 26, 2005, and various dates, thereafter.

Since IMU is in the business of adjusting and paying claims, the normal and customary work of an underwriter, Mr. Layfield's work cannot be considered attorney-work product. Moreover, Mr. Layfield was retained long before Attorney Rauworth was hired in connection with this litigation.

Furthermore, counsel for defendant Point Judith Marina, LLC's reliance on Hickman v. Taylor, 329 U.S. 495 (1947) is misguided. Plaintiffs do not seek the memoranda of opposing counsel, or statement of witnesses taken by opposing counsel, such as the materials sought in Hickman.

Here, plaintiffs seek the file, documents and photographs, et cetera, of a marine surveyor retained by the underwriter of defendant Point Judith Marina, LLC to investigate a loss for which its insured might be called upon to pay.

CONCLUSION

Based on the foregoing and on plaintiff's Motion to Compel, dated January 14, 2008 (Docket No. 38), this Court should grant plaintiffs' Motion to Compel.

Dated: Providence, Rhode Island
February 4, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: /s/ Frederick A. Lovejoy
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneReply2-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 4, 2008, postage prepaid, to:

Stephen I. Lipman, Esq.
45 Bromfield Street
Boston, Massachusetts 02108

Gregory Klaiber, Esq.
38 Bellview Avenue
Newport, Rhode Island 02840

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

/s/ Frederick A. Lovejoy
FREDERICK A. LOVEJOY