UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | |
| | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | February 6, 2008 |

PLAINTIFFS' REPLY TO THE CONDITIONAL OPPOSITION OF POINT JUDITH TO PLAINTIFFS' MOTION TO SELL VESSEL DATED FEBRUARY 1, 2008 (DOCKET NO. 39)

Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II state, in reply to defendant Point Judith Marina, LLC's conditional opposition, as follows:

First: The reason that plaintiffs sought assistance from the Court in respect to the sale of the M//V EVEREADY was twofold: 1) the defendants' counsel stated they objected to the vessel's sale, and 2) the plaintiffs wanted to ensure that the defendants could not assert a claim of spoliation of evidence because of the sale of the vessel.

Second: Plaintiff Northern Insurance Company of New York is the owner of the M/V EVEREADY, and should be allowed to sell it to mitigate its losses.

Third: Plaintiffs sought and obtained an extension of the scheduling order so that additional testing, et cetera, could be done on the M/V EVEREADY to concretely determine the cause of its sinking. As such, the defendants were advised that the vessel's fuel tanks were going to be removed, and representatives of the defendants were invited to attend all of the doings of the plaintiffs' representatives. No objection to the removal of the fuel tanks was ever made.

Fourth: Defendant Point Judith's request that the plaintiffs be ordered to reinstall the fuel tanks prior to sale is ludicrous and has no basis in law.

If the vessel is diminished in value because of the removal of the fuel tanks, plaintiffs believe that the removal of the tanks is a proximate result of defendant Point Judith Marina, LLC's negligence, and if anyone should pay to reinstall them, it should be defendant Point Judith Marina, LLC.

Moreover, plaintiffs have been advised that the fact that the fuel tanks were removed will not decrease the salvage sale value of the M/V EVEREADY, as long as the tanks are sold with the vessel, which is plaintiffs' intention.

Fifth: As a courtesy, plaintiffs agreed to advise the defendants of the sale price before concluding the sale, so as to allow the defendants to submit a higher bid if they so choose, not to allow it to block any sale, which plaintiffs submit that the defendants have no standing to do.

CONCLUSION

Based on the fact that the M/V EVEREADY continues to incur storage charges, and all inspections and testing that the parties desired have been completed, plaintiffs' motion for an Order allowing the sale of the M/V EVEREADY should be granted without restriction.

Dated: Providence, Rhode Island
February 6, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: /s/ Frederick A. Lovejoy

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneReplyOpposition2-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on February 6, 2008, postage prepaid, to:

Stephen I. Lipman, Esq.
45 Bromfield Street
Boston, Massachusetts 02108

Gregory Klaiber, Esq.
38 Bellview Avenue
Newport, Rhode Island 02840

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

/s/ Frederick A. Lovejoy
FREDERICK A. LOVEJOY