UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | March 7, 2008 |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II THAT THIS CASE BE TRIED TO THE BENCH

LOVEJOY & ASSOCIATES
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

FREDERICK A. LOVEJOY
Of Counsel

# TABLE OF AUTHORITIES

**CASES:** **Page**

Alaska Barite Co. v. Freighters, Inc., 54 F.R.D. 192 (N.D. Cal. 1972) .......... 2,7

Albany Ins. v. Nguyen, 1997 AMC 335 (E.D. Louisiana 1996) .......... 5

Arkwright-Boston Mfrs. v. Bauer Dredging, 74 F.R.D. 461 (S.D. Tex. 1977) .......... 3

Ashland Oil Inc. v. Third National Bank of Ashland, Kentucky, 557 F.Supp. 862 (E.D. Kentucky 1983) .......... 6

Cantey v. Flensburger Dampfercompagnie Harald Schuldt & Company, 55 F.R.D. 127 (E.D. North Carolina 1971) .......... 6

Concordia Company, Inc. v. Panek, 115 F. 3d 67 (1st Cir. 1997) .......... 3

Insurance Company of North America v. Virgilio, 574 F. Supp. 48 (S.D. California 1983) .......... 3

Insurance Company of the State of Pennsylvania v. Amaral, 44 F.R.D. 45 (S.D. Tex. 1968) .......... 7

McCann v. Falgout Boat Company, 44 F.R.D. 34 (S.D. Texas 1968) .......... 7

Norwalk Cove Marina, Inc. v. S/V ODYSSEUS, 100 F. Supp. 2d 113 (D. Conn. 2000) .......... 4

Romero v. Bethlehem Steel Corp., 515 F.2d 1249 (5th Cir. 1975) .......... 3

Royal Insurance Company of America v. Hansen, 125 F.R.D. 5 (D. Mass. 1983) .......... 5

St. Paul Fire and Marine Insurance Co. v. Holiday Fair, Inc., (1996 U.S. Dist. LEXIS 3931) .......... 4

**STATUTES:**

28 U.S.C. § 1367 .......... 7

Fed. R. Civ. P. Rule 9(h) .......... 2,4,5,6

Fed. R. Civ. P. Rule 38(e) .......... 3

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | March 7, 2008 |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II THAT THIS CASE BE TRIED TO THE BENCH

NOW COME Plaintiffs, Northern Insurance Company of New York and Nicholas Picchione, II, and submit this memorandum of law in support of its motion requesting that this case be tried to the bench.

STATEMENT OF FACTS

This admiralty action was brought by way of a Complaint dated April 19, 2006 (Docket No. 1). Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II brought this suit against defendants, Albin Manufacturing, Inc., Standish Boat Yard, Inc., and Point Judith Marina, LLC, as a result of the sinking of the M/V EVEREADY on April 25, 2005, and related damages. Plaintiffs seek redress in the amount in excess of $200,000.00, plus applicable interest, et cetera. On June 23, 2006, defendant Point Judith Marina, LLC filed its answer and a counterclaim against defendant Nicholas Picchione, II (Docket No. 4).

Thereafter, on August 23, 2006, defendant Standish Boat Yard, Inc. filed an Answer and Cross claim against defendant Point Judith Marina, LLC and defendant Albin Manufacturing,

Inc. (Docket No. 9). Subsequently, defendant Albin Manufacturing, Inc., on October 30, 2006, filed its Answer and Cross-claims against defendant Point Judith Marina, LLC and defendant Standish Boat Yard, Inc. (Docket No. 16).

Plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II's complaint unambiguously invokes this Court's admiralty jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. No other basis was set forth as a basis for jurisdiction of this Court or on available since plaintiff Nicholas Picchione, II and defendant Albin Manufacturing, Inc., Point Judith Marina, LLC and Standish Boat Yard, Inc. are all residents/incorporated in Rhode Island. Of additional importance is the fact that all three of the defendants do not assert any other basis for jurisdiction before this Court.

## POINT I

## PLAINTIFFS' ELECTION, PURSUANT TO FED. R. CIV. P., RULE 9(H), WHICH INCORPORATES RULE 38, TO PROCEED IN ADMIRALTY PRECLUDES A JURY TRIAL HEREIN

Plaintiffs are master of their complaint and when admiralty law is properly invoked, it governs the conduct of the case. Plaintiffs clearly invoked admiralty jurisdiction through Rule 9(h), "the purpose of which [Rule 9(h)] is to allow the moving party who either brings suit under admiralty or civil law to clearly elect which form of proceeding he [she] chooses." Alaska Barite Co. v. Freighters, Inc., 54 F.R.D. 192, 192 (N.D. Cal. 1972). It is clear on the face of the Complaint that plaintiffs have specifically invoked this Court's admiralty jurisdiction in accordance with Fed. R. Civ. P., Rule 9(h) which states in pertinent part:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rule 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims.

In addition, Fed. R. Civ. P., Rule 38(e), which was amended in 1966, provides:

> These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).

In fact, "the impact of the 9(h) election is that all claims are tried by the court, rather than the jury." Insurance Company of North America v. Virgilio, 574 F. Supp. 48, 50 (S.D. California 1983) citing 9 Wright and Miller; Federal Practice and Procedure sec. 2315 p. 76 (1971); Arkwright-Boston Mfrs. v. Bauer Dredging, 74 F.R.D. 461 (S.D. Tex. 1977) (plaintiff's election to sue in admiralty with bench trial upheld defendant's demand for a jury trial stricken). See also: Concordia Company, Inc. v. Panek, 115 F. 3d 67, 70 (1st Cir. 1997) (waiver of the right to a jury trial is implicit in a Rule 9(h) election); Romero v. Bethlehem Steel Corp., 515 F.2d 1249, 1252-53 (5th Cir. 1975) (denying plaintiff's request for a jury trial because the complaint alleged that the basis for jurisdiction is the admiralty and maritime jurisdiction").

Also in Virgilio, supra at 51, the Court denied defendant's request for a jury and a separate trial on state law claims stating:

> Cases dealing with the plaintiff's election under Rule 9(h) have consistently held the defendant should not be permitted to defeat admiralty jurisdiction by demanding a jury. Alaska Barite Co. v. Freighters, Inc., 54 F.R.D. 192, 195 (N.D. Cal. 1972); Camrex Ltd. V. Carmex Reliance Paint, 90 F.R.D. 313, 317 (E.D.N.Y. 1981); Arkwright-Boston Mfrs. v. Bauer Dredging, 74 F.R.D. 461, 462 (S.D. Tex. 1977). The rationale underlying those decisions is essentially that the party making a valid 9(h) election has a right to designate the action as maritime, and to allow the defendant to defeat that right by filing a counterclaim would undermine the purposes of the rule.
>
> * * *
>
> Where a plaintiff alleges both admiralty and diversity as basis for federal jurisdiction, pursuant to Fed. R. Civ. P. 9(h), he has the right to elect to have his admiralty claim adjudicated under admiralty procedures, including a bench trial, by identifying his claim as lying in admiralty.

(emphasis added)

Additionally, in St. Paul fire and Marine Insurance Co. v. Holiday Fair, Inc. (1996 U.S. Dist. LEXIS 3931), the Court held:

> The majority of the decided cases favor the position of St. Paul. They hold that the rules confer rights upon a party such as St. Paul, who sues first and designates the nature of the case as an admiralty matter under Rule 9(h). With one exception, the decided cases do not allow a defendant's counterclaim to control.
>
> * * *
>
> The invocation of admiralty jurisdiction is a long established right in our legal system, which is expressly recognized in Rule 9(h). The right to a non-jury trial in admiralty cases is expressly provided for in Rule 38(e). It would seem to be a reasonable application of these principles to hold that St. Paul's right to a non-jury trial based on its admiralty claim outweighs Holiday Fair's request for a jury trial based on its counterclaim. Suit by an insurance company for a declaratory judgment under a policy of marine insurance is not a mere "race to the courthouse," but is a normal and orderly procedure.
>
> The court believes that the factual and legal issues raised in the kind of proceeding brought by St. Paul are sufficiently different from what was involved in Beacon Theatres, and that the latter case should not be controlling.

(emphasis added)

See also: Norwalk Cove Marina, Inc. v. S/V ODYSSEUS, 100 F. Supp 2d 113 (D. Conn. 2000)

Moreover, the Advisory Committee Notes to the 1966 Amendments to Rule 9 leave no doubt as to the purpose and effect of Rule 9(h):

> Some claims for relief can only be suits in admiralty, either because the admiralty jurisdiction is exclusive or because no nonmaritime ground of federal jurisdiction exists. Many claims, however, are cognizable by the district courts whether asserted in admiralty or in a civil action, assuming the existence of a nonmaritime ground of jurisdiction. Thus at present the pleader has power to determine procedural consequences by the way in which he exercises the classic privilege given by the saving-to-suitors clause (28 U.S.C. § 1333) or by equivalent statutory provisions . . . One of the important procedural consequences is that in the civil action either party may demand a jury trial, while in the suit in admiralty there is **no right to jury trial except as provided by statute** . . . The unified rules must therefore provide some device for preserving the present power of the pleader to determine whether these historically maritime procedures shall be applicable to his claim or not; the pleader must be afforded some means of designating his claim as the counterpart of the present suit in admiralty, where its character as such is not clear . . . After unification has abolished the distinction between civil actions and suits in admiralty, the complaint in such an action would be almost completely ambiguous as to the pleader's intentions regarding the procedure invoked. The allegation of diversity of citizenship might be regarded as a clue indicating an intention to proceed as at

> present under the savings-to-suitors clause; but this, too, would be ambiguous if there were also reference to the admiralty jurisdiction, and the pleader ought not be required to forego mention of all available jurisdictional grounds. Other methods of solving the problem were carefully explored, but the Advisory Committee concluded that the preferable solution is to allow the pleader who now has power to determine procedural consequences by filing a suit in admiralty to exercise that power under unification, for the limited instances in which procedural differences will remain, by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.

Federal Rules of Civil Procedure Rule 9, Advisory Committee Notes (emphasis added)

Since maritime transactions/cases almost always involve parties from different jurisdictions; i.e., states or countries, a plaintiff suing in admiralty could routinely have his admiralty, i.e., bench trial, election converted by a counter-claiming defendant to a jury trial. Such a result would, therefore, make Fed. R. Civ. P. Rule 9(h) not worth the paper it is written on and would stand the intentions of the U.S. Congress on their head.

## POINT II

## NO JURY TRIAL AVAILABLE BY WAY OF COUNTER/CROSS CLAIM, WHEN THE CASE IN CHIEF IS BEFORE THE COURT PURSUANT TO ITS ADMIRALTY JURISDICTION

In Royal Insurance Company of America v. Hansen, 125 F.R.D. 5, 8 (D. Mass. 1983), the Court held with respect to a jury claim based on cross/counter claims:

> The rights invoked by making an election under Rule 9(h) were not meant to be negated whenever a defendant makes a counterclaim outside of admiralty. Alaska Barite Company, supra, 54 F.R.D. at 195

Furthermore, in Albany Ins. v. Nguyen, 1997 AMC 335, 338 (E.D. Louisiana 1996), the Court held:

> ...the Rule indicates that a suit falling under admiralty as well as diversity jurisdiction will be treated as an admiralty case for the purposes of the right to a jury trial (Rule 38(e)) if the pleading contains an "identifying statement" asserting an admiralty or maritime claim. T.N.T. Marine Services, Inc. v. Weaver

> Shipyards & Dry Docks, Inc., 1984 AMC 1341, 1343, 702 F. 2d 585, 587 (5th Cir. 1983).

(emphasis added)

In Ashland Oil Inc. v. Third National Bank of Ashland, Kentucky, 557 F.Supp. 862, 872 (E.D. Kentucky 1983), the Court held with respect to a jury claim based on cross/counterclaims:

> *C. Jury Trial*
>
> [5] The defendant Tanner and several of the claimants demanded that the liability and damage issues in this case be tried by a jury. They argued that, although the jurisdiction of the court is founded in admiralty, they had a right to trial by jury at least on the cross-claims against Tanner, which but for this action could have been brought in a state court. They argued further that, since they had a constitutional right to a jury trial on those claims, juridical economy and efficiency required that all claims be tried to a jury.
>
> The court held that these jury demands were not well founded and that all issues would be tried to the court sitting without a jury. Jurisdiction in this case is founded solely on admiralty. Not only is it an admiralty proceeding, but any other basis of jurisdiction is lacking. There is no right to trial by jury in admiralty cases:
>
> "For reasons subsequently set out in detail, there is no constitutional right of trial by jury in cases that are properly within admiralty jurisdiction. Apart from the relatively unimportant right of jury trial accorded by 28 U.S.C. § 1873, dealing with admiralty cases arising upon the Great Lakes, no statutory enlargement of jury trial has occurred in admiralty and Rule 38(e) states specifically that the Rules are not to be construed as creating a right to a jury trial of issues in an admiralty or maritime claim within the meaning of Rule 9(h). Thus, when a claimant properly designates his claim as one in admiralty under Rule 9(h), there is no right to jury trial."

(emphasis added)

Furthermore, in Cantey v. Flensburger Dampfercompagnie Harald Schuldt & Company, 55 F.R.D. 127 (E.D. North Carolina 1971), the Court held with respect to the third and fourth party defendants' demand for a jury trial in a case designated as a Rule 9(h) case as follows:

> The third-party stevedore defendant made an untimely request for a jury trial. The fourth-party defendant (Alpha Cellulose) made a timely demand for a jury trial with respect to the claims over against the stevedore and shipowner. The question for decision is whether Alpha Cellulose is entitled to a jury trial.
>
> * * *
>
> The arguments for the right to a jury trial under these circumstances were examined at length in McCann v. Falgout Boat Co., 44 F.R.D. 34, 43-44 (S.D.Texas 1968), where the court concluded that the Supreme Court had "acquiesced to the tradition of not allowing a jury trial if the federal court's jurisdiction is founded upon

> the admiralty and maritime nature of the suit" when they passed on the unified rules in 1996.
>
> I find the reasoning of the court in *McCann, supra,* persuasive, and I agree that if a claim is properly identified as an admiralty claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure the defendant has no right to a jury trial even though the claim against him arises by way of impleader. That Alpha Cellulose is a fourth-party defendant and thus one more step removed from the plaintiff than in *Banks* and *McCann* does not seem to me to justify a different rule.

Id. at 128 (emphasis added)

Moreover, the Court in McCann v. Falgout Boat Company, 44 F.R.D. 34, 44 (S.D. Texas 1968) stated with respect to a jury demand based on a third-party defendant's demand:

> I construe Rule 38(e) to mean that if a third party is impleaded pursuant to Rule 14(c), the third party does not have a right to a jury trial either on the issues raised in the third-party complaint or those he raises by way of his answer.

(emphasis added)

As is evident from the pleadings, this action arises solely out of a maritime tort, contract and products liability, et cetera, claims relating to the loss of the M/V EVEREADY. As such, jurisdiction over any state law claims, if they had any, which is denied, are preempted by federal maritime law, pursuant to 28 U.S.C. § 1367.

The Court stated in Alaska Barite Co. v. Freighters, Inc., 54 F.R.D. 192, 195 (N.D. Cal. 1972), in denying the defendant's request for a jury trial:

> This Court does not believe that the rights invoked by making an election under Rule 9(h) were meant to be negated whenever a defendant makes a counterclaim outside admiralty. The plaintiff has properly made an election to use Rule 9(h) and, therefore, he has the right to a non-jury trial.

(emphasis added)

Finally, it is important to note that ". . . irrespective of the possibility that jurisdiction might have been based upon diversity of citizenship and jurisdictional amount, plaintiff has chosen to identify the action as one within admiralty and maritime jurisdiction of the court . . . ". Insurance Company of the State of Pennsylvania v. Amaral, 44 F.R.D. 45, 46 (S.D. Tex. 1968).

It is evident from the plaintiffs' Complaint that the action lies solely within the admiralty jurisdiction of this Court. Despite defendants' claims for a jury trial, the law requires that this case be tried to the bench.

## CONCLUSION

In this case, there can be no genuine dispute. Plaintiff's unequivocal election of Rule 9(h) specifically invokes the Court's admiralty jurisdiction and precludes a jury trial. Defendants,' Point Judith Marina, LLC and Standish Boat Yard, Inc, requests for a jury trial should therefore be denied.

Dated: Providence, Rhode Island
March 7, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: /s/ Frederick A. Lovejoy
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneMOLSupport.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on March 7, 2008, postage prepaid, to:

Stephen I. Lipman, Esq.
45 Bromfield Street
Boston, Massachusetts 02108

Gregory Klaiber, Esq.
38 Bellview Avenue
Newport, Rhode Island 02840

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

/s/ Frederick A. Lovejoy
FREDERICK A. LOVEJOY