UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | CA-06-190-S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | April 4, 2008 |

PLAINTIFFS NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II'S MEMORANDUM OF LAW IN SUPPORT OF ITS FED. R. CIV. P., RULE 15(a) MOTION

Plaintiff's Motion to Amend its Complaint has resulted from information obtained subsequent to the filing of the initial Complaint on April 21, 2006; i.e., through materials produced during the depositions of Don Vivenzio of defendant Point Judith Marina, LLC, taken on January 24, 2008, and March 3, 2008, and the deposition of Joseph Stroker taken on March 27, 2008, and the documents recently produced in March, 2008 by the defendant Point Judith Marina, LLC, and as a result of the recent default of plaintiff Albin Manufacturing, Inc. and the withdrawal of its counsel, Gregory Klaiber, Esq., by Order of this Court dated March 26, 2008. (Docket No. 57)

That had the plaintiffs been provided with the additional documents and testimony prior to January 24, 2008, March 3, 2008, and March 27, 2008, that the Court, by U.S. Magistrate Judge Robert W. Lovegreen reopened discovery at a hearing held before the Court on February 21, 2008, as a result of defendant Point Judith Marina, LLC's actions.

That plaintiffs have not made their motion to amend, to delay, and/or harass the defendants, but solely to prevent further prejudice to plaintiffs.

ARGUMENT

PLAINTIFFS NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II SHOULD BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of Court "and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is established policy that "courts have shown a strong liberality . . . in allowing amendments under Rule 15(a)." Havl & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 425 (3rd Cir. 1981).

A motion to amend should be granted where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudice, and trail of the issues will not be unduly delayed. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, _ (1962). However, delay alone is insufficient to deny a motion to amend; the opposing party must show actual prejudice. Satchell v. Dilworth, 743 F.2d 781 (2nd Cir. 1984); (district court abused its discretion in not accepting plaintiff's proposed amendment, which presented claims on which plaintiff could probably recover); Clay v. Martin, 509 F.2d 109 (2nd Cir. 1975) (amended complaint which was not unduly delayed and would cause no prejudice was improperly dismissed); Blossom Farm Products Co. v. Amtraso Commodity Corp., 64 F.R.C. 424 (S.D.N.Y. 1974) (permitting amendment to answer to assert defensive statute of limitations); Glazer Steel Corp. v. Yawats Iron & Steel Co., 56 F.R.D. 75 (S.D.N.Y. 1972) (broadening of scope of discovery was insufficient reason to deny leave to amend absent prejudice); Estes v. Kentucky Utilities Co., 636 F.2d 1131 (6th Cir. 1980) (employer could amend answer 41 months after it was first filed to assert that Plaintiff employee's exclusive remedy was workman's compensation statute); Toko Boski U.S.A., Inc. v. SS

Navarino, 324 F.Supp. 361 (S.D.N.Y. 1971) (affirmative defense of arbitration). Hence, "the only reason for not allowing Amendment is prejudice to the opposing party . . ." Deakyne v. Commissioners of Leves, 416 F.2d 390, 300 N.16 (3rd Cir. 1969).

Prejudice is defined as "undue difficulty in prosecuting a law suit as a result of a change of tactics or theories on the part of the other party." Id. at 300. Absent this level of prejudice, it would be an abuse of discretion to prohibit amendment. Usary v. Marquette Cement Mfg. Co., 568 F.2d 902 (2nd Cir. 1977).

Because of the current status of this case, there will be no prejudice to any defendant.

CONCLUSION

For the reasons stated, plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II's motion for leave to file an Amended Complaint should be granted.

Dated: Providence, Rhode Island
April 4, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By:____________________

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneMemoInSupport3-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on April 4, 2008, postage prepaid, to:

Robert E. Collins
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY