UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK, Plaintiff, | : | CA-06-190-S |
| v. | : | |
| ALBIN MANUFACTURING, INC., ALBIN MARINE, INC., FRED W.A. PETERS, MONICA PETERS, STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | April 4, 2008 |

AMENDED COMPLAINT

Now comes the plaintiff, Northern Insurance Company of New York, in its own right and as subrogee of Nicholas Picchione, II, by its attorneys, Lovejoy & Associates, and for its Amended Complaint against defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, Standish Boat Yard, Inc., and Point Judith Marina, LLC, states as follows:

1. Jurisdiction is founded in the admiralty and maritime powers of this court pursuant to 28 U.S.C. §1333 and F.R.C.P. Rule 9(h) in that the event which gives rise to this action occurred at a marina on the Rhode Island Sound, a navigable waterway, and otherwise involved traditional maritime activities. Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. 1332 as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and/or the supplemental jurisdiction of this Court.

2. Venue is proper in this District under 28 U.S.C. Section 1391.

3. Plaintiff, Northern Insurance Company of New York, is an insurance company incorporated and headquartered in states other than Rhode Island, but doing business in the State

of Rhode Island and sues in its own right and as subrogate to all of the rights of its insured, Nicholas Picchione, II, by virtue of having paid a claim made by Nicholas Picchione, II, for the loss of the M/V EVEREADY under a policy of insurance issued to him, and having incurred expenses and costs following the refloating of the M/V EVEREADY.

4. Plaintiff Nicholas Picchione, II, is an individual residing in Warwick, Rhode Island.

5. Defendant, Albin Manufacturing, Inc., was and is a corporation and at all relevant times was engaged in the business of building and selling yachts in the State of Rhode Island.

6. Defendant Albin Marine, Inc. was and is a corporation with an address at 143 River Street, Cos Cob, Connecticut.

7. Defendant Fred W.A. Peters is an individual residing and/or conducting business out of 143 River Street, Cos Cob, Connecticut.

8. Defendant Monica Peters is an individual residing and/or conducting business out of 143 River Street, Cos Cob, Connecticut.

9. Defendant, Standish Boat Yard, Inc., was and is a corporation and at all relevant times was engaged in the business of outfitting, repairing, servicing and selling yachts at Tiverton, Rhode Island.

10. Defendant, Point Judith Marina, LLC, is a limited liability corporation and at all relevant times engaged in the business of storing, hauling, launching, servicing, maintaining and repairing yachts at Wakefield, Rhode Island.

RELATIONSHIP AMONG THE ALBIN DEFENDANTS

11. Upon information and belief, the defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, and Monica Peters conducted business as a single business entity.

12. Upon information and belief, defendants Fred W.A. Peters and Monica Peters treated defendants Albin Manufacturing, Inc. and Albin Marine, Inc. interchangeably.

13. Upon information and belief, Fred W.A. Peters and Monica Peters dominated and controlled defendant Albin Manufacturing, Inc. and Albin Marine, Inc.

14. Upon information and belief, defendants Fred W.A. Peters and Monica Peters at all material times have dominated and controlled and used defendant corporation Albin Manufacturing, Inc. and Albin Marine, Inc. for their own purposes such that there is no meaningful difference between each of the entities or themselves.

15. Upon information and belief, at all material times, the defendants Fred W.A. Peters and Monica Peters have disregarded the corporate form of the corporate defendants to the extent that the corporate defendants were treated as alter egos of defendant Fred W.A. Peters and Monica Peters without any regard for the alleged corporate identity or separateness.

## BACKGROUND

16. That Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, and/or Monica Peters designed and manufactured the 35 Albin vessel, Hull I.D. #AUL35102L495 (hereinafter "M/V EVEREADY") manufactured and sold by defendant Standish Boat Yard, Inc. without any anti-siphon loop/valves.

17. That Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, and/or Monica Peters designed and manufactured the 35 Albin vessel, Hull I.D. #AUL35102L495 (hereinafter "M/V EVEREADY") and defendant Standish Boat Yard, Inc. without any chafing gear and/or strain relief so as to protect the exhaust hoses from becoming cut, and without placing anti-siphon loops or check valves on hoses attached to thru-hull fittings.

18. That defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters and/or defendant Standish Boat Yard, Inc. installed a tuna tower and/or generator on the M/V EVEREADY, thus resulting in the static water line being lowered.

19. That defendant Standish Boat Yard, Inc. installed the tuna tower and generator without performing or obtaining any calculations concerning how the additional weight would affect the waterline of the M/V EVEREADY and the position of its thru-hull fittings in relation thereto.

20. That as a result of the installation of the tuna tower and generator, the starboard and port exhausts sat at or below the waterline of the M/V EVEREADY.

21. That from approximately the spring of 1998 to the date of its sinking, plaintiff Nicholas Picchione, II serviced, repaired, docked and stored the M/V EVEREADY at defendant Point Judith Marina, LLC's facility.

22. That from approximately the spring of 1998, all service, repairs, and/or the like, performed on the M/V EVEREADY, were performed by defendant Point Judith Marina, LLC or its subcontractors.

23. That plaintiff Nicholas Picchione, II at all times from the spring of 1998, retained/hired and relied on defendant Point Judith Marina, LLC to inspect the M/V EVEREADY, advise him of any necessary service and/or repairs, and to perform any necessary service and/or repairs.

24. That in or about June, 1999, Point Judith Marina, LLC replaced the starboard transmission on the M/V EVEREADY and at the time was required to disconnect the exhaust hoses on the starboard engine, thus affording it the opportunity to observe that the starboard exhaust hose was resting on the plywood bulkhead and had no chafing gear or strain relief.

25. That from 1998 to the date of the sinking of the M/V EVEREADY, employees of defendant Point Judith Marina, LLC had numerous opportunities to observe the vessel's hoses, including its exhaust hoses, if it had been prudent.

26. That on or about April 22, 2005, defendant Point Judith Marina, LLC performed work/services on the M/V EVEREADY and discovered that one of the vessel's bilge pumps was malfunctioning.

27. That defendant Point Judith Marina, LLC warranted the services/work it performed for a period of three months from the date of said service/work.

28. That an employee of defendant Point Judith Marina, LLC found on or about April 25, 2005, that the engine room bilge pump, i.e., the aft bilge pump, would not shut off, so he turned off the switch that he believed operated that bilge pump.

29. That the replacement of the malfunctioning bilge pump could have been performed in approximately 1 to 1 ½ hours and would not have involved significant cost.

30. That Point Judith Marina, LLC launched the M/V EVEREADY without replacing the defective bilge pump and without ensuring that the vessel's other two bilge pumps were operational.

31. That defendant Point Judith Marina, LLC did not advise plaintiff Nicholas Picchione, II that one of the M/V EVEREADY's bilge pumps was defective prior to the sinking of his vessel on or about April 25, 2005.

32. That defendant Point Judith Marina, LLC did not advise plaintiff Nicholas Picchione, II that its employees had shut off what they believed was the engine room bilge pump on the M/V EVEREADY prior to its sinking on or about April 25, 2005.

33. That an employee of defendant Point Judith Marina, LLC was the last person to touch the M/V EVEREADY's bilge pump switches prior to her sinking.

34. That following the sinking of the M/V EVEREADY, defendant Point Judith Marina, LLC did not advise plaintiff Nicholas Picchione, II that the engine room bilge pump on the M/V EVEREADY had been found malfunctioning and that an employee of defendant Point Judith Marina, LLC had turned of what he believed was the engine room bilge pump.

35. That following the sinking of the M/V EVEREADY, defendant Point Judith Marina, LLC never advised plaintiff Northern Insurance Company of New York and/or its surveyor(s), agent(s) or the like that the engine room bilge pump on the M/V EVEREADY had been found, prior to the vessel's sinking, to be malfunctioning, and that an employee of defendant Point Judith Marina, LLC had placed a bilge pump's on/off switch in the off position.

36. That between 1998 and April 22, 2005, defendant Point Judith Marina, LLC had various and sufficient opportunities to examine and/or test the exhaust hoses on the M/V EVEREADY to determine if they were sound.

37. That while at its berth on April 25, 2005, the M/V EVEREADY unexpectedly sank.

38. That defendant Point Judith Marina, LLC performed certain services for/on the M/V EVEREADY following her sinking and collected monies for the same without advising and/or notifying plaintiff Northern Insurance Company of New York that it had launched the M/V EVEREADY with either one or no bilge pumps operating at that time.

COUNT I

PRODUCTS LIABILITY

(As Against Defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes the plaintiff, Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count I of its Amended Complaint against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., states as follows:

39. Plaintiff Northern Insurance of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

40. On or about July 3, 1996, Nicholas Picchione, II purchased from defendant Standish Boat Yard, Inc., for his personal use, a 35 foot Albin vessel, Hull I.D. #AUL 35102L495, which he later named the "M/V EVEREADY."

41. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II, used the M/V EVEREADY at all times for its intended purpose.

42. On or about April 25, 2005, while afloat at the Point Judith Marina, LLC, the M/V EVEREADY sank, sustaining damages and resulting in subsequent expenses and costs in an amount approximated to be in excess of $200,000.00 at this time.

43. On and prior to April 25, 2005, defendants Albin Manufacturing, Inc. and Standish Boat Yard, Inc. had a duty to design, assemble, manufacture, sell and distribute the M/V EVEREADY so that it was free of defect(s), and so that it was reasonably safe when put to the use for which it was designed, manufactured, sold and distributed.

44. On and prior to April 25, 2005, the said 35 foot Albin vessel, Hull I.D. #AUL 35102L495, manufactured by Albin and sold/distributed by Standish Boat Yard, Inc. was defective and not reasonably fit for the purpose for which it was intended.

45. That as a direct and proximate result of the defective and not reasonably fit condition of the M/V EVEREADY, she sank and was determined to be a constructive total loss. As a result of the loss, plaintiff Northern Insurance Company of New York was required to pay its insured, Nicholas Picchione, II, a sum of money pursuant to its policy of insurance, and incurred additional costs and expenses, all of which total in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it a judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. on Count I of this Amended Complaint in a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other amounts this Court shall deem proper.

## COUNT II

## NEGLIGENCE

(As Against Defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes the plaintiff, Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count II of its Amended Complaint against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., states as follows:

46. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

47. On or before April 25, 2005, defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. were guilty of one or more of the following wrongful acts or omissions:

(a) Carelessly and negligently designed and constructed the core and lamination on the M/V EVEREADY;

(b) Carelessly and negligently designed, constructed and installed thru-hull fittings;

(c) Carelessly and negligently designed and constructed the hoses it installed in the vessel that were connected to thru-hull fittings;

(d) Carelessly and negligently installed the vessel's exhaust hoses through a fiberglassed plywood bulkhead with sharp surfaces;

(e) Installed the vessel's exhaust hoses without chafing gear and/or strain relief devices;

(f) Failed to install anti-siphon loops or values on hoses attached to thru-hull fittings;

(g) Carelessly and negligently failed to warn the plaintiff Nicholas Picchione, II;

(e) Were otherwise negligent and careless.

48. As a direct and proximate result of one or more of defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.'s negligent acts or omissions, the M/V EVEREADY sank and sustained damages.

49. Plaintiff Northern Insurance Company of New York paid its insured, Nicholas Picchione, II, for that loss pursuant to the policy of insurance issued to him and has incurred substantial additional expenses. Said loss and expenses are presently estimated to be in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it a judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count II of its Amended Complaint for a sum in excess of $200,000.00, plus attorneys fees, interest, costs and such other relief this Court shall deem proper.

COUNT III

IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

(As Against Defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count III of its Amended Complaint against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., states as follows:

50. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

51. On and prior to April 25, 2005, defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. impliedly warranted to plaintiff Nicholas Picchione, II that the M/V EVEREADY and all of her equipment were fit for the purpose of which they were intended.

52. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of fitness for a particular purpose.

53. As a direct and proximate result of the breach of said implied warranty for a particular service, the M/V EVEREADY sank and was rendered a total loss and plaintiff

Northern Insurance Company of New York was obligated to pay its insured, Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him, as well as suffering losses and expenses in its own right. Plaintiff Northern Insurance Company of New York has incurred a substantial loss in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it a judgment against defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. on Count III of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief as the Court shall deem proper.

## COUNT IV

## IMPLIED WARRANTY OF MERCHANTABILITY

(As Against Defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count IV of its Amended Complaint against defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., states as follows:

54. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

55. On or before April 25, 2005, defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. impliedly warranted to plaintiff Nicholas Picchione, II that said M/V EVEREADY and her equipment and impertinences were merchantable.

56. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of merchantability.

57. As a direct and proximate result of the breach of said implied warranty of merchantability, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, plaintiff Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him, as well as suffering losses and expenses in its own right. As subrogee of Nicholas Picchione, II, plaintiff Northern Insurance Company of New York has incurred a substantial loss in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count IV of their Amended Complaint in a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief this Court shall deem proper.

## COUNT V

## IMPLIED WARRANTY FOR A PARTICULAR PURPOSE, I.E., SEAWORTHINESS

(As Against Defendant Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count V of its Amended Complaint against defendants Albin Manufacturing, Inc. and Standish Boat Yard, Inc., states as follows:

58. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

59. On and prior to April 25, 2005, defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.'s implied warranty to plaintiff Nicholas Picchione, II that the said M/V EVEREADY was fit for the purpose of boating.

60. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of fitness for a particular purpose.

61. As a direct and proximate result of the breach of said implied warranty of fitness for a particular purpose; i.e., seaworthiness, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, plaintiff Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him and has in its own right incurred additional expenses all of which totaled in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count V of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

COUNT VI

IMPLIED WARRANTY OF MERCHANDISE

(As Against Defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes plaintiff, Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count VI of its Amended Complaint against defendants Albin

Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., states as follows:

62. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

63. On and prior to April 25, 2005, defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. implied warranty to plaintiff Nicholas Picchione, II that the said M/V EVEREADY was merchantable.

64. On and prior to April 25, 2005, plaintiff Nicholas Picchione, II relied upon said implied warranty of merchantability.

65. As a direct and proximate result of the breach of said implied warranty of implied merchantability, the M/V EVEREADY sank and was rendered a total loss and plaintiff Northern Insurance Company of New York was obligated to pay its insured, plaintiff Nicholas Picchione, II, for said loss pursuant to the policy of insurance issued to him and has incurred in its own right additional expenses all of which totaled in excess of $200,000.00.

WHEREFORE plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count VI of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

COUNT VII

FAILURE TO WARN

(As Against Defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count VII of its Amended Complaint against defendant Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. states as follows:

66. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

67. That although defendants Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. were aware and/or should have known that: 1) the M/V EVEREADY exhaust hoses had been installed through a bulkhead with sharp edges and without any chafing gear or strain relief, 2) by installing the tuna tower and generator, the static water line was lowered, thus submerging or partially submerging the vessel's exhaust ports and subjecting her to back flooding, and 3) the vessel's hoses that were connected to thru hull fittings did not possess either check valves or anti-siphon loops, they did not warn and/or advise the owner, Nicholas Picchione, II, of this fact, thus exposing him, his crew, and his guests to possible personal injuries, and the M/V EVEREADY to sinking, with resulting damages to the environment, et cetera.

WHEREFORE plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count VII of its Amended Complaint for

a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

COUNT VIII

FAILURE TO WARN

(As Against Defendant Point Judith Marina, LLC)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count VIII of its Amended Complaint against defendant Point Judith Marina, LLC, states as follows:

68. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

69. That although defendant Point Judith Marina, LLC knew and/or should have known of: 1) the condition of the M/V EVEREADY's exhaust hoses, and 2) the condition of her bilge pump(s), and that its employee(s) had shut off certain of the M/V EVEREADY's bilge pump switches, it failed and/or neglected to warn the owner, Nicholas Picchione, II, thus exposing him, his crew, and guests to personal injuries, and the M/V EVEREADY to sinking, with resulting damages to the environment, et cetera.

WHEREFORE plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count VIII of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

## COUNT IX

## BREACH OF WARRANTY OF WORKMANLIKE SERVICE

(As Against Defendant Albin Manufacturing, Inc. , Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc.)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count IX of its Amended Complaint against defendant Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc. state as follows:

70. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

71. That in failing to perform the services that it did perform on the M/V EVEREADY, defendant Albin Manufacturing, Inc. breached the maritime warranty of workmanlike service that it owes to plaintiff; i.e.,

a) failed to install anti-siphon loops and/or check valves on hoses that were connected to thru-hull fittings;

b) failed to install chafing gear and/or strain relief devices on the vessel's exhaust hoses;

c) failed to remove sharp edges or bulkhead cutouts to ensure that they did not cut/sever critical hoses;

d) failed to reposition thru-hull fittings, et cetera after it installed the tuna tower and generator thus lowering the vessel's static water line.

WHEREFORE plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendants, Albin Manufacturing, Inc., Albin Marine, Inc., Fred W.A. Peters, Monica Peters, and Standish Boat Yard, Inc., on Count IX of its Amended Complaint for

a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief, which this Court shall deem proper.

COUNT X

BREACH OF WARRANTY OF WORKMANLIKE SERVICE

(As Against Defendant Point Judith Marina, LLC)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count X of its Amended Complaint against defendant Point Judith Marina, LLC, states as follows:

72. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

73. That in failing to perform the services that it did perform on the M/V EVEREADY in a proper manner, defendant Point Judith Marina, LLC, breached the maritime warranty of workmanlike service that it owes to plaintiffs; i.e.,

1) that defendant Point Judith Marina, LLC, knowing that the M/V EVEREADY was "down" in the water, failed to determine the reason for the same;
2) that defendant Point Judith Marina, LLC failed to determine if water was entering the M/V EVEREADY following it launching the same;
3) that defendant Point Judith Marina, LLC failed to install a pump or insure that the vessel's pumps were on and operational after launching the M/V EVEREADY;
4) that defendant Point Judith Marina, LLC failed to properly inspect the starboard exhaust hose, its lack of chafing gear and strain relief and the condition of the bulkhead through which it passed;

5) that defendant Point Judith Marina, LLC failed to properly inspect the condition of the exhaust hoses on board the M/V EVEREADY;

6) that defendant Point Judith Marina failed to replace a malfunctioning bilge pump which it discovered on board the M/V EVEREADY in the regular course of its duties;

7) that defendant Point Judith Marina, LLC failed and/or neglected to advise and/or warn plaintiff Nicholas Picchione, II that one of the bilge pumps on board the M/V EVEREADY had been shut off by defendant Point Judith Marina, LLC;

8) that defendant Point Judith Marina, LLC failed to monitor the M/V EVEREADY after launching the same; and

9) that defendant Point Judith Marina, LLC was neglectful in its duties and responsibilities to the M/V EVEREADY.

74. That as a result of defendant Point Judith Marina, LLC's breach of its warranty of workmanlike service, plaintiffs have been damaged in an amount in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendant Point Judith Marina, LLC, on Count X of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

COUNT XI

BREACH OF CONTRACT/NEGLIGENCE

(As Against Defendant Point Judith Marina, LLC)

Now comes plaintiff Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count XI of its Amended Complaint against defendant Point Judith Marina, LLC, states as follows:

75. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint as though set forth in full herein.

76. The repair work/services performed by defendant Port Judith Marina, LLC, on the M/V EVEREADY were substandard, unworkmanlike, inadequate, faulty and defective. Defendant Port Judith Marina, LLC, failed to adequately insure that there were no leaks in the M/V EVEREADY and that the bilge pumps were operational at all relevant times and/or failed to inspect the vessel regularly for on the egress of water and/or to replace a pump on the M/V EVEREADY.

77. That as a result of defendant Point Judith Marina, LLC's breaches, the plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II have been damaged in an amount in excess of $200,000.00.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendant Point Judith Marina, LLC, on Count XI of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

COUNT XII

BAILMENT

(As Against Defendant Point Judith Marina, LLC)

Now comes the plaintiff, Northern Insurance Company of New York, by its attorneys, Lovejoy & Associates, and for Count XII of its Amended Complaint against defendant Point Judith Marina, LLC, states as follows:

78. Plaintiff Northern Insurance Company of New York realleges paragraphs 1 through 38 of the Amended Complaint, as though set forth in full herein.

79. That on a date prior to April 25, 2005, the M/V EVEREADY was received by and accepted by and accepted into the care, custody and control of defendant Point Judith Marina, LLC.

80. That while the M/V EVEREADY was in the care, custody, and control of defendant Point Judith Marina, LLC, it agreed to perform certain repairs/services to the M/V EVEREADY and thereafter, to launch and care for the said M/V EVEREADY.

81. That at all times herein mentioned, the defendant Point Judith Marina, LLC owed to plaintiff Nicholas Picchione, II, the contractual duty to safely care for and return the M/V EVEREADY in the like good order and condition as when received by defendant, Point Judith Marina, LLC, but rather allowed her to sustain damages while in defendant Point Judith Marina, LLC's possession.

82. That defendant Point Judith Marina, LLC when it discovered a malfunctioning bilge pump on board the M/V EVEREADY failed to timely replace the same and/or to timely notify plaintiff Nicholas Picchione, II of the bilge pump's condition

83. At all time mentioned herein, plaintiff Nicholas Picchione, II, performed all conditions required of him by law to be performed.

WHEREFORE, plaintiff Northern Insurance Company of New York prays this Court to grant it judgment against defendant Point Judith Marina, LLC, on Count XII of its Amended Complaint for a sum in excess of $200,000.00 plus attorneys fees, interest, costs and such other relief which this Court shall deem proper.

Dated: Providence, Rhode Island
April 4, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: ______________________

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneNYAmendedComplaint4-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on April 4, 2008, postage prepaid, to:

Robert E. Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY