**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

**OPPOSITION OF POINT JUDITH TO**
**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendant Point Judith Marina, LLC ("Point Judith") hereby opposes plaintiffs' motion to amend the complaint. Briefly, the proposed amendment is far too late, coming a mere 35 days before the start of the trial.

Moreover, this motion seeks to add entirely new parties, none of whom are presently represented by counsel — based on a speculative theory of piecing the corporate veil — and seeks to add new theories against existing parties. This seriously prejudices the existing defendants — indeed, plaintiffs' counsel only yesterday refused to allow Pt. Judith's expert access to the vessel notwithstanding plaintiffs' new expert disclosure and the proposed new claims. Moreover, the overall effort cannot help but turn the trial of the case on its head.

Plaintiffs claim that the timing of this motion is motivated by newly-discovered evidence. But plaintiffs have known about the condition of the discharge hoses for well over a year, and about the hole in the exhaust system since at least October 2007, and about any issue of functionality of bilge pumps since at least January 23, 2008. The situation regarding Albin Marine's insolvency has been known to the parties since at least November 2007.

The bottom line is that plaintiffs seem to wish to have matters both ways — to wait to amend, needlessly, until the eve of trial, and thereby preclude defendants from having a fair opportunity to defend the allegations of that amendment.

If, by contrast, the objective of the amendment is actually to bring about a postponement of the trial date, then a motion to amend is a disrespectful vehicle to accomplish this — plaintiffs instead should have made a motion to reschedule the trial. And having not done so, *that* relief would be undeserved.

WHEREFORE, Point Judith respectfully urges that the plaintiffs' motion be DENIED.

Dated: April 23, 2008

**POINT JUDITH MARINA, INC.**
By its attorneys,
/s/ Carl E. Fumarola

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth (pro hac vice)
Carl E. Fumarola, Esq., R.I. Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com
Email: cfumarola@cetcap.com

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 23rd day of April, 2008, I have served the above documents on the following counsel of record via ECF filing:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604
LOVEJOYADM@aol.com

Robert Collins, Esq.
CLINTON & MUZYKA, P.C.
1 Washington Mall, Suite 1400
Boston, MA 02108
rcollins@clinmuzyka.com

_/s/ Carl E. Fumarola_________________
Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
Carl E. Fumarola, Esq., R.I. Bar #6980
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com
Email: cfumarola@cetcap.com