UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | CA-06-190-S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | April 29, 2008 |

PLAINTIFFS NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II'S REPLY TO DEFENDANTS POINT JUDITH MARINA, LLC' AND STANDISH BOAT YARD, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT[1]

Now come plaintiffs Northern Insurance Company of New York and Nicholas Picchione, II, by their counsel, and file this reply to defendant Standish Boat Yard's Opposition to Plaintiffs' Motion to Amend (Docket No. 64) and defendant Point Judith Marina, LLC's Opposition to Plaintiffs' Motion to Amend Complaint (Docket No. 65).

Unfortunately, defendants' counsels' rendition of the facts underlying plaintiffs' Motion to Amend are not correct.

Simply put, the delay to which Attorney Collins refers is a result of the actions of defendant Standish Boat Yard, Inc. itself, and, more particularly, of defendant Point Judith Marina, LLC.

While the plaintiffs repeatedly noticed the depositions of representatives of defendant Point Judith Marina, LLC, and Standish Boat Yard, Inc., on a number of occasions, neither

[1] Plaintiffs' counsel advised the Court and the parties at the February 7, 2008 hearing that it would probably have to file a Motion to Amend its Complaint.

witness until January 24, 2008; i.e., Mr. Don Vivenzio of defendant Point Judith Marina, LLC, and Mr. Kenneth Hilton of defendant Standish Boat Yard, Inc.

Prior to that date, i.e., on January 15, 2008, the plaintiffs had filed motions to compel the production of documents against both defendants Standish Boat Yard, Inc. and Point Judith Marina, LLC (see Docket Nos. 32 and 33), and a Motion for a Default Judgment against defendant Albin Manufacturing, Inc. (Docket No. 30).

Thereafter, on January 29, 2008, after taking the deposition of Mr. Donald Vivenzio on January 24, 2008, the plaintiffs filed a Second Motion to Compel Discovery and for a Continuation of the Fed. R. Civ. P., Rule 30(b)(6) deposition of defendant Point Judith Marina, LLC (Docket No. 35).

The reason for plaintiffs' January 29, 2008 motion was that the defendant Point Judith Marina, LLC, for the first time, produced documentation at the deposition of Mr. Donald Vivenzio that revealed that an employee(s) of Point Judith Marina, LLC had worked on the M/V EVEREADY's bilge pumps a mere two to three days prior to her sinking.

On February 7, 2008, the Court granted the aforementioned motions.

Unfortunately, although plaintiffs' counsel immediately requested dates from counsel for defendant Point Judith Marina, LLC for the continued deposition of Mr. Vivenzio, and the depositions of Mr. Joseph Stroker and Mr. Bud Smedberg, Point Judith Marina, LLC's counsel did not produce Mr. Vivenzio until March 3, 2008, and Mr. Stroker until March 27, 2008.

Additionally, while the Court had granted plaintiffs' Motion to Compel Production of Documents against defendant Point Judith Marina, LLC, counsel for Point Judith Marina, LLC did not comply with the Court's Order until March 20, 2008 (see Exhibit A), approximately six weeks after the Court's February 7, 2008 hearing, and then not even in full compliance with the

Court's Order. It was not until March 27, 2008 (see Exhibit B) that counsel for defendant Point Judith Marina, LLC produced all of the ordered documentation.[2]

While counsel for plaintiffs knew that defendant Albin Manufacturing, Inc. had filed an application to dissolve with the Secretary of State of the State of Connecticut in late 2007, he was not aware that it was claiming it was insolvent until Attorney Gregory Klaiber referred to an ex parte letter he had written to Senior U.S. Magistrate Judge Robert Lovegreen in December, 2007, at the conference held on January 16, 2008. Attorney Klaiber provided a copy of that letter to Judge Lovegreen to plaintiffs' counsel within a week of the aforementioned conference.

At that time, counsel for plaintiffs began to investigate the circumstances involving the operation of Albin Manufacturing, Inc., Albin Marine, Inc., and its two principals.

Moreover, the true nature of defendant Albin Manufacturing, Inc.'s finances is not known to this date. If it were not liquid, we assume it would have filed a Bankruptcy Petition as opposed to simply dissolving itself.

Interestingly, defendant Standish Boat Yard, Inc. complains about the inclusion of Mr. and Mrs. Peters as defendants, yet has listed Mr. Fred W.A. Peters as one of its witnesses in defendant Standish Boat Yard, Inc.'s Pretrial Memorandum, dated April 25, 2008.

While plaintiff probably could have begun to have amended its complaint by mid-March, 2008, it would have required yet another (a second) amendment following the receipt of the documents ordered to be produced by defendant Point Judith Marina, LLC on March 20 and 27, 2008, and taking the deposition of Mr. Joseph Stroker on March 27, 2008.

---

[2] Defendant Point Judith Marina, LLC's claim that it will not have a fair opportunity to defend is baseless. It was defendant Point Judith Marina, LLC that failed to produce clearly relevant documentation and did not timely produce witnesses for their depositions.

Counsel for plaintiff began the final draft of plaintiffs' amended complaint immediately following March 27, 2008, but waited until he had Mr. Stroker's deposition transcript in hand prior to filing the Motion to Amend the Complaint on April 6, 2008. (Docket No. 61)

Simply put, all of the pieces necessary for plaintiff to file its Motion to Amend Complaint all appeared from January 24, 2008 through March 27, 2008.

To have made repeated motions to amend between those dates would not have been constructive for the parties or the Court.

Simply put, the defendants' claims of delay are specious. Any delay herein was the result of one or more of the defendants failing to abide by the Fed. R. Civ. P. and not providing the plaintiff with all appropriate discovery.

## CONCLUSION

Based on plaintiffs' Motion to Amend its Complaint (Docket No. 61) dated April 6, 2008, and the foregoing, this Court should grant plaintiffs' Motion.

Dated: Providence, Rhode Island
April 29, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: /s/ Frederick A. Lovejoy
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneReply4-08.doc

# Exhibit A

Received 3/20/08

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

## POINT JUDITH MARINA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND DOCUMENT REQUESTS

Defendant hereby responds pursuant to Fed. R. Civ. P. 34 with its supplemental responses to the second document request of the Plaintiffs.

### GENERAL OBJECTION

Defendant objects generally to any part of the definitions, instructions, or individual interrogatories that call for performance beyond that required by Fed. R. Civ. P. 34. In addition, Defendant objects generally to any discovery request in any form that seeks material not reasonably calculated to lead to the discovery of evidence admissible on the limited issues raised by the pleadings, and further objects to any aspect of the opponent's discovery request that operates to broaden the scope of the pleadings, either directly or by implication. Defendant further objects to any discovery request that seeks material protected by any privilege, including without limitation the work-product protection or the attorney-client privilege. These objections are stated in this general form in the interests of clarity and brevity of the individual responses that follow, but are specifically incorporated into each response below, as if the entire text had been set forth at length at each individual location. Where Defendant decides to provide information in spite of an objection, he does so without prejudice or waiver, as a matter of a simple decision not to litigate the particular point in question, in order to avoid unnecessary controversy on points where Defendant, in its sole discretion, deems that such controversy is not in its interests. Any such disclosure does not amount to any admission or concession as to the merits of the discovery request in question, nor of Defendant 's objection thereto under any circumstances. In certain cases, Defendant may elect to "over-comply" rather than spend time and resources to litigate whether a particular document or item of information actually is or is not responsive to the opponent's discovery requests.

Thus, the production by Defendant of any particular document (or object) to the opponent, or the giving of any response to an interrogatory, does not amount to a concession on the part of Defendant that the document, object, or item of information in question is actually responsive to the opponent's requests. Any such disclosure does not constitute any affirmative use of the information in question for Defendant 's purposes in the litigation. Since pretrial discovery is not yet completed, Defendant expressly reserves the right to supplement this response as additional information becomes known through the discovery process. In particular, any such disclosure does not constitute any affirmative use of the information in question for Defendant 's purposes in the litigation. Since pretrial discovery is not yet completed, Defendant expressly reserves the right to supplement this response as additional information becomes known through the discovery process.

## SPECIFIC OBJECTIONS AND/OR RESPONSES

### REQUEST NO. 1

Any and all employee and/or supervisor time cards, time records, or the like which reflect and/or memorialize work/services performed by defendant, Point Judith Marina, LLC and/or its subcontractors and/or agents from October 1, 2004, to December 31, 2006, on the M/V EVEREADY and/or any vessel owned by Nicholas Picchione, II.

### OBJECTION AND/OR RESPONSE NO. 1

The requested documents have already been produced and/or made available to the plaintiff in March of 2007, and in January and February of 2008.

Nevertheless, copies of Pt. Judith's holdings of Repair Orders, Invoices, and other documents relating to work on boats owned by Mr. Picchione, as specified above, are attached.

### REQUEST NO. 2

All documents/writings depicting/describing and/or memorializing the decommission and/or commissioning process(es) employed by defendant, Point Judith Marina, LLC from January 1, 2000, to date.

### OBJECTION AND/OR RESPONSE NO. 2

Pt. Judith repeats Response No. 1. Entries having to do with commissioning and/or decommissioning (or haulout) may appear in the documents provided pursuant to Request No. 1, but certain documents with a particular focus on commissioning and/or decommissioning (or haulout) are segregated in the attached documents, and labeled accordingly.

**REQUEST NO. 3**

Any and all time cards, time records, documents and/or writings which reflect the presence of any employee, supervisor, subcontractor(s) and/or agents on board the M/V EVEREADY from April 1 to April 30, 2005.

**OBJECTION AND/OR RESPONSE NO. 3**

Pt. Judith repeats the previous response. Any such records that relate to the Vessel or to the plaintiff are embraced within the documents transmitted under Request No. 1. Employee time cards are specific to the employee, and generally do not reference an particular job or task, and are thus not truly responsive to this request. Nevertheless, and to avoid needless disputes over the point, the originals of the employee time cards for the month of April 2005 were made accessible to the plaintiff during the testimony of Mr. Vivenzio on February 27th, 2008. By way of further illustration, copies of the same time cards for the period immediately surrounding the sinking are attached to this response, tabbed to this Request.

**REQUEST NO. 4**

Any and all documents indicating/denoting and/or memorializing that employees and/or agents of defendant, Point Judith Marina, LLC inspected and/or tested any hose(s) that were connected to the hull fittings on the vessel that is the subject of this litigation for the period of January 1, 1998, to and including the date that the M/V EVEREADY left the premises of defendant, Point Judith Marina, LLC.

**OBJECTION AND/OR RESPONSE NO. 4**

Pt. Judith repeats Response No. 1 — any references to hoses will be included in the materials produced in response to Request No. 1.

**REQUEST NO. 5**

All files, documents, writings, photographs, samples taken, compiled and/or generated by Mr. Dennis Layfield and/or any company/entity that he is employed by and/or affiliated with.

**OBJECTION AND/OR RESPONSE NO. 5**

Mr. Layfield's report is attached.

**REQUEST NO. 6**

Any and all time cards, document, writings, invoices, subcontractor's statements or the like, which reflect, concern and/or memorialize fiberglass work and/or work performed on the hull of the vessel that is the subject of this litigation.

**OBJECTION AND/OR RESPONSE NO. 6**

Pt. Judith repeats Response No. 1. Certain documents that relate with particular specificity to fiberglass work performed on the vessel are attached hereto and tabbed with reference to this Request, but other references to fiberglass may be found in the documents tabbed to reference Request No. 1

Dated: March 17, 2008

**POINT JUDITH MARINA, INC.**
By its attorneys,

Michael Rauworth

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 17th day of March, 2008, I have served the above documents on the following counsel of record via postage pre-paid United States First Class Mail:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604

Gregory B. Klaiber, Esq.
39 Bellevue Avenue
Newport, RI 02840

Stephen I. Lipman, Esq.
45 Bromfield Street, 8th Floor
Boston, MA 02108-4106

Michael Rauworth

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: mrauworth@cetcap.com
Email: sarmato@cetcap.com



02006-0045
965130v1

# Exhibit B

[redacted]

05-382

**CETRULO & CAPONE LLP**
COUNSELLORS AT LAW
TWO SEAPORT LANE
BOSTON, MASSACHUSETTS 02210
TELEPHONE (617) 217-5500
FACSIMILE (617) 217-5200
www.cetcap.com

NEW YORK, NEW YORK
TELEPHONE (212) 635-2230

PROVIDENCE, RHODE ISLAND
TELEPHONE (401) 274-7850

SENDER'S DIRECT DIAL: (617) 217-5219
SENDER'S E-MAIL: mrauworth@cetcap.com

March 27, 2008

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604

**Re: NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II v. ALBIN MARINE, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC; C.A.-06-190-S (U.S.D.C.R.I.)**

Dear Attorney Lovejoy:

Here are the non-photo parts of the Layfield file. I understood from you today that you're not looking to get photos.

Very truly yours,

Michael Rauworth

Enclosure

02006-0045
1003990v1

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on April 29, 2008, postage prepaid, to:

Robert E. Collins
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

/s/ Frederick A. Lovejoy
FREDERICK A. LOVEJOY