**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-190-S**

**NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II,**
**Plaintiffs,**

**VS.**

**ALBIN MARINE, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC,**
**Defendants.**

**DEFENDANT, STANDISH BOAT YARD'S, MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Now comes the Defendant, Standish Boat Yard, Inc., in the above entitled action, by its undersigned counsel, and respectfully moves this Honorable Court to dismiss the Plaintiffs' Complaint for failure to state a cause of action upon which relief can be granted.

As a basis therefore, the Defendant submits for the Court's consideration the following facts and authority.

This matter involves a maritime subrogation recovery claim for property damage as a result of the sinking of the M/V EVEREADY on April 25, 2005 at the dock at Point Judith Marina. The Plaintiff Northern Insurance Company is the vessel's hull insurer and the

Plaintiff, Nicholas Picchione II was its owner and operator.

Defendant Standish Boat Yard, Inc. (hereinafter referred to as "Standish") is a Rhode Island corporation with a principal place of business in Tiverton, Rhode Island. The M/V EVEREADY, owned by Plaintiff, Nicholas Picchione II and insured by Plaintiff Northern Insurance Company of New York (collectively hereinafter referred to as "the Plaintiffs"), is a 1995, 35 foot, Albin motor vessel. Standish was a distributor of Albin Marine vessels and sold the vessel to Plaintiff on or about July 3, 1996. *See paragraph 1 of Count I of the Plaintiffs' Complaint.* The vessel sank at the dock at the Point Judith Marina on April 25, 2005, almost nine [9] years after the purchase of the vessel.

The Plaintiffs commenced action before this Honorable Court on April 24, 2006. The pertinent Counts directed to Standish are Count I (Products Liability), Count II (Negligence), Count III (Implied Warranty for a Particular Purpose), Count IV (Implied Warranty of Merchantability), Count V (Implied Warranty for a Particular Purpose) and Count VI (Implied Warranty of Merchandise). The remaining Counts in the Complaint are addressed to Co-Defendant Point Judith Marina, LLC and

do not pertain to Standish. The allegations concerning implied warranties allege at paragraphs 15 in each of Counts III, IV, V, and VI, that the vessel itself was either *not merchantable* or *not fit for its intended purpose.*

## I. **ARGUMENT ADDRESSING COUNTS I AND II.**

Counts I and II of the Plaintiffs' Complaint seek recovery under causes of action for products liability and negligence. Those Counts are barred by the *East River* Doctrine. In *East River Steamship Co. v. TransAmerica DeLeval Inc.,* 476 U.S. 858 (1986), the United States Supreme Court held that in commercial cases causes of action for damage limited only to the integrated unit of the product itself should be restricted to warranty causes of action based on contract and that tort causes of action do not apply (whether on negligence or strict liability theories). The United States Supreme Court noted:

> ***…a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself…Damage to a product itself is most naturally understood as a warranty claim.***

*Id.at 871-872.* See also, *Saratoga Fishing Company v. J.M. Martinac & Company,* 520 U.S. 875 (1997), which held

that the *East River* Doctrine did not apply to equipment and materials added to the vessel after the purchase by a subsequent owner. This equipment was classified as "other property" not subject to the *East River* Doctrine. *Id. at 884-885.* Such is not the situation here b it iecause it is uncontested that Plaintiff Nicholas Picchione II purchased the vessel from Standish and has been the continuous owner until the vessel's sinking.

The *East River* Doctrine has been extended to yacht purchase and sale contracts in *Reliance Ins. Co. v. Carver Boat Corp.,* 1997 AMC 2522 (D.Md. 1997). *Goldson v. Carver Boat Co.,* 1998 AMC 2502 (N.J.Sup.Ct. 1998), applied *East River* to a yacht casualty, ruling that UCC contract warranty remedies are the only remedies available for claims against a successor to a manufacturer of a yacht and its repairer for damage to the yacht which caught fire as a result of a design problem with an engine component. See also *Marshall v. Wellcraft Marine, Inc.,* 2000 AMC 2865 (S.D.In. 1999). *Somerset Marine, Inc. v. Forespar Products Corp.,* 1194 AMC 1577 (C.D. Cal 1994), extended the doctrine to non-commercial vessels, holding that *East River* applies to consumer relationships such as product liability relative to yachts. Further, *Stanton v. Bayliner Marine*

*Corp.*, 866 P.2d 15, 1994 AMC 640 (Wash. 1993), examined the admiralty precedents on the issue and determined that the issue of recovery for damage to the property that is the subject of the contract is to be determined by the contract, irrespective that "other property" might also be damaged or that losses other than merely "economic loss of the product" resulted. The "other losses" may be subject to tort law, subject to limitation or disclaimer by enforceable contract provision in the contract between the parties. *Stanton* held that the groundings of two yachts which resulted in their respective constructive total losses involved economic loss for which the *East River* rule did not allow recovery.

Here, the Plaintiffs allege that the vessel itself was defective, either because it *was not merchantable* or because it *was not fit for its intended purpose*. The vessel itself sank at the dock. There is no allegation that there was any damage to any other property than the vessel itself. See paragraphs 6 of Count I and paragraphs 16-17 of Counts II, III, IV, V, and VI. Therefore, the only damage alleged is damage to the property itself, to wit: the M/V EVEREADY.

Thus and pursuant to *East River,* Standish prays that this Honorable Court dismiss Counts I and II of the Plaintiffs' Complaint because each Count fails to state a cause of action, as a matter of law, upon which relief can be granted.

## II. ARGUMENT ADDRESSING COUNTS III, IV, V, AND VI.

Counts III, IV, V, and VI all plead causes of action based upon the UCC. As indicated in the previous argument, according to *East River,* these are the proper claims in this action because the Plaintiffs only seek damage to the property itself. These Counts, however, are barred by the applicable statute of limitations.

Counts III, IV, V, and VI allege causes of action based upon merchantability and fitness for a particular purpose. R.I.G.L. §6A-2-725 provides as follows:

> ***(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.***
>
> ***(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the***

***cause of action accrues when the breach is or should have been discovered.***

Here, the facts are clear. There was privity of contract between Nicholas Picchione II and Standish. Thus it is alleged to be a breach of a contract for the sale of the vessel.[1] It is undisputed that tender of delivery was well beyond the four [4] years required under this section. *See Gail Frances, Inc. v. Alaska Diesel Electric, Inc.*, 62 F.Supp. 2nd 511 (D.R.I. 1999). Thus and because the causes of action against Standish seek recovery for breach of implied warranties, the Plaintiffs have failed to commence action within the four years after tender of delivery. Standish respectfully prays that this Honorable Court dismiss Counts III, IV, V, and VI upon the cited authory.

WHEREFORE, the defendant, Standish Boat Yard, Inc., prays that this Honorable Court dismiss the Plaintiffs' Counts seeking recovery against Standish Boat Yard, Inc.

---

[1] Note that this means that Albin Marine would not get the benefit of the UCC statute of limtations and would, instead have to rely on the general property damage limitation of action.

Respectfully submitted,

"/S/Robert E. Collins"

**Thomas J. Muzyka**
**Pro Hac Vice**
**Robert E. Collins**
**RI BAR NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

## CERTIFICATION

The undersigned hereby certifies that I have electronically filed the above document on the 1st. day of May 2008.

Notice will be electronically mailed to:

Frederick A. Lovejoy, Esquire lovejoyadm@aol.com

Michael J. Rauworth, Esquire mrauworth@cetcap.com

Carl E. Fumarola, Esquire cfumarola@cetcap.com

Gregory B. Klaiber, Esquire gbklaiber@hotmail.com

_"/S/Thomas J. Muzyka"________