UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | CA-06-190-S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | May 1, 2008 |

MOTION IN LIMINE TO PRECLUDE THE DISCLOSURE OF AND/OR USE OF MR. DENNIS LAYFIELD AS AN EXPERT WITNESS ON BEHALF OF DEFENDANT POINT JUDITH MARINA, LLC

Now come plaintiffs Northern Insurance of New York and Nicholas Picchione, II, and for their motion in limine to preclude the use of Dennis Layfield as an expert witness in this case, state in support of the same as follows:

Simply put, defendant Point Judith Marina, LLC's disclosure of Mr. Dennis Layfield as its expert witness, and service of his expert opinion, only 12 days prior to the trial of this matter results in irreparable prejudice to plaintiffs and the testimony of Mr. Layfield should be precluded.

BACKGROUND

This case was filed on April 24, 2006.

On September 19, 2006, all of the present parties had to be joined.

By November 30, 2006, all of the answers and cross-claims of the parties had been filed.

Thereafter, the Court issued its first Pretrial Order (Docket No. 23) which called for defendants' expert disclosures to be served by July 15, 2007. Defendant Point Judith Marina,

Extension of Time and to Revise Scheduling Order to Allow Plaintiffs to Submit a Supplemental Expert Disclosure, dated January 31, 2008.[1]

Even in light of plaintiffs' requests, counsel for defendant Point Judith Marina, LLC would not produce the additional witnesses until after the Court issued its Order at the hearing held on February 21, 2008. Thereafter, defendant Point Judith Marina, LLC did not re-produce Mr. Donald Vivenzio until March 3, 2008, and Mr. Joseph Stroker, for the first time, until March 27, 2008.

Once counsel for plaintiffs had finally been allowed to take the deposition of Mr. Joseph Stroker, on March 27, 2008, he provided that information to plaintiffs' expert William Robbins, and Mr. Robbins issued a Supplemental Expert Opinion dealing with the newly discovered evidence that had come to light between January 24, 2008 and March 27, 2008, on April 2, 2008.

Moreover, defendant Point Judith Marina, LLC's failure to disclose either Mr. Stroker or Mr. Smedberg as having relevant pre-sinking vessel knowledge violates Fed. R. Civ. P. Rule 26(a)(1)(A).

Rule 26(a)(1)(A) states:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
> (emphasis added)[2]

[1] Additionally, plaintiffs had to file a Motion to Compel Production of Documents, Docket No. 32, dated January 15, 2008, against defendant Point Judith Marina, LLC, which the Court granted on February 21, 2008. It was not until March 20, 2008 and March 27, 2008 that defendant Point Judith Marina, LLC finally complied with the Court's February 21, 2008 Order.

[2] Defendant Point Judith Marina, LLC listed both Mr. Stroker and Mr. Smedberg on the list of witnesses that it will call at trial in its Pre-Trial Memorandum dated April 25, 2008 (Docket No. 67).

LLC disclosed no expert witnesses in response to the plaintiffs' expert disclosures by July 15, 2007 as ordered by this Court.

Thereafter, the Court issued a Second Pretrial Order (Docket No. 28), which amended the discovery schedule in this case.

Subsequent, thereto, the Court issued a revised Scheduling Order (Docket No. 29) which allowed for additional testing to be done on the M/V EVEREADY, required plaintiffs to issue their supplemental expert disclosures on or before November 16, 2007, which plaintiffs did, and required defendants Point Judith Marina, LLC and Standish Boat Yard, Inc. to issue their expert disclosures by December 7, 2007. Neither defendant Point Judith Marina, LLC nor defendant Standish Boat Yard, Inc. issued any expert disclosures by the Court's deadline of December 7, 2007. Defendant Albin Manufacturing, Inc. issued its expert disclosure on October 5, 2007.

Thereafter, after repeated attempts to take the Fed. R. Civ. P., Rule 30(b)(6) depositions of both defendant Point Judith Marina, LLC and defendant Standish Boat Yard, Inc., they finally produced their designated witnesses on January 24, 2008.

Inexplicably, on January 24, 2008, Mr. Donald Vivenzio produced a "work order", not previously produced, to plaintiffs' counsel, that revealed that one of the two technicians listed thereon, i.e., Joseph Stroker and Bud Smedberg, had found one of the bilge pumps malfunctioning, and had shut off a switch on the electrical panel that controlled the bilge pumps.

As such, the plaintiffs filed two motions in respect to the information/documentation disclosed by defendant Point Judith Marina, LLC's witness, Mr. Donald Vivenzio, i.e., Docket No. 35 – Motion to Compel Discovery and Continuation of the Rule 30(b)(6) Deposition of defendant Point Judith Marina, LLC, dated January 29, 2008, and Docket No. 37 – Motion for

Simply put, the actions of defendant Point Judith Marina, LLC clearly demonstrate that it has been attempting to thwart plaintiffs' rights to pre-trial discovery in this case, and to further hinder plaintiffs' prosecution of the same.

Now, even though Mr. Layfield had attended at the M/V EVEREADY in May 2005, and again in October 2007, defendant Point Judith Marina, LLC waited until plaintiffs' counsel is preparing for the trial of this matter, which commences on May 12, 2008, to disclose an expert witness on behalf of defendant Point Judith Marina, LLC.

Simply put, the actions of defendant Point Judith Marina, LLC have been clearly calculated to attempt to prejudice plaintiffs and their counsel's efforts to prepare for trial.

Moreover, the expert opinion disclosed by defendant Point Judith Marina, LLC's Mr. Dennis Layfield, on the afternoon of April 30, 2008, does not limit itself to the subject matter of the Supplemental Expert Disclosure of William Robbins, dated April 2, 2008, but addresses all of the prior expert opinions of both Mr. Williams Robbins and Mr. Bruce Pfund, all of which were disclosed within the time periods authorized by this Court.

Because of the extensive nature of Mr. Layfield's opinion, and the fact that it raises new defenses on behalf of defendant Point Judith Marina, LLC, the plaintiffs are irreparably prejudiced in that there is insufficient time to take the deposition of Mr. Layfield, obtain professional advice concerning his theories, and prepare for the trial of this matter.

## CONCLUSION

Based on the foregoing, this Court should preclude Mr. Layfield from testifying on behalf of defendant Point Judith Marina, LLC at the trial of this matter.[3]

[3] Additionally, the defendant Point Judith Marina, LLC has failed to obtain leave of court to disclose an expert witness 12 days prior to trial.

Dated: Providence, Rhode Island
May 1, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: /s/ Frederick A. Lovejoy
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchionePreclude5-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was electronically served and/or mailed on May 1, 2008, postage prepaid, to:

Robert E. Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.,
Albin Marine, Inc.,
Fred W.A. Peters, Monica Peters
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

/s/ Frederick A. Lovejoy
FREDERICK A. LOVEJOY