**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II

Plaintiffs

v.

ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.

Defendants

CIVIL ACTION NO. 06-190-S

## POINT JUDITH MARINA'S INITIAL DISCLOSURES

The defendant, Point Judith Marina LLC ("PJM" or "Defendant") hereby proffers to the plaintiff, Northern Insurance Company of New York ("Northern") and Nicholas Picchione ("Picchione") (collectively "Plaintiffs"), its initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

## General Objection

Defendant objects generally to any claim or suggestion that it has any obligation to produce information or documents other than such as are reasonably calculated to lead to the discovery of evidence admissible on the limited issues raised by the pleadings, and further objects to any aspect of this process that may be argued to broaden the scope of the pleadings, either directly or by implication. Defendant likewise objects any aspects of this process that is argued to oblige it to divulge any material protected by any privilege, including without limitation the work-product protection and the attorney-client privilege. These objections are stated in this general form in the interests of clarity and brevity, but are specifically incorporated into each disclosure below, as if the entire text had been set forth at length at each individual location. Where Defendant decides to provide information in spite of an objection, it does so without prejudice or waiver, as a matter of a simple decision not to contest the particular point in question, in order to avoid unnecessary controversy on points where Defendant, in its sole discretion, deems that such controversy is not in its interests. Any such disclosure does not amount to any admission or concession as to the merits of the interrogatory or of Defendant's objection thereto under any circumstances. In particular, any such disclosure does not constitute any affirmative use of the information in question for Defendant's purposes in the litigation.

Defendant expressly reserves the right to supplement this response as additional information becomes known through the discovery process.

**Initial Disclosures Pursuant to Fed. R. Civ. P. 26 (a)(1)**

**Category A** (Pursuant to Rule 26(a)(1)(A))

*The following list of individuals is exclusive of the plaintiff Picchione and persons known to him, and likewise exclusive of persons known to the other defendants:.*

Don Vivenzio is the general manager of the marina, and was involved in most if not all of the events in question in 2005, particularly the response to the sinking. He checked the *Eveready* following its launch on April 22, 2005, and observed that it was not taking on water when it was turned over that day to the plaintiff owner, Mr. Nicholas Picchione. He observed Mr. Picchione on board the boat with Mr. Picchione's mechanic over the weekend that followed (the weekend of April 23-24, 2005). He observed the condition and demeanor of Mr. Picchione when he came to the Marina after repeated calls following the sinking, and was present when Mr. Picchione told the Coast Guard that there had been no water in the boat on Sunday, April 24, 2005, the day before the sinking. He can be contacted as follows:

Don Vivenzio
Point Judith Marina
360 Gooseberry Road
Wakefield, RI 02879
(401) 789-7189

Marine Science Technician Second Class Matthew Ferraro USCG, of United States Coast Guard Marine Safety Office Providence (now known as Coast Guard Sector Southeastern New England), responded to the scene of the sinking and dealt with many of the pollution aspects of the incident, including Mr. Picchione's refusal to sign the acknowledgement of the Coast Guard's notice regarding the pollution. A Rhode Island DEM officer, Michael Schipritt, also attended at the scene. Petty Officer Ferraro's last known address was as follows:

MST2 Matthew Ferraro USCG
U.S. Coast Guard Sector Southeastern New England
Prevention Department
20 Risho Avenue, East Providence, Rhode Island, 02914-1208
Tel: (401) 435-2300

Barry Ennis was serving as the Harbormaster of Point Judith Harbor, and responded to the scene. He went aboard the vessel directly upon its being removed

from the water, and discovered that all the switches to all the pumps were in the "off" position. He can be reached as follows:

Barry Ennis
South Kingstown Harbormaster
90 Wright St.
S. Kingstown RI 02879
(401) 783-3321

David Clarke was the owner of a boat moored in a neighboring slip. He was on his own boat on Sunday evening, April 24, 2005 — the night before the vessel was found to be sunk — and observed the *Eveready* afloat at that time, with nothing appearing unusual. He can be reached as follows:

David Clarke
21 Long Hill Estates
Peterborough, N.H. 03458

Henry Smedberg, Travis Lang, and Gary Schipritt were employees of the yard, and assisted Don Vivenzio in the efforts to raise the vessel. They can be contacted via the Marina.

Dave Schock of North Atlantic Marine Salvage (and possibly others of from that firm) came to the marina and worked on the raising of the vessel from the sunken position. His current address, etc., is unknown.

Dennis Layfield was engaged as a surveyor on behalf of Point Judith. He observed certain aspects of the vessel's condition, but was not afforded access to the entirety of the vessel. He can be reached as follows:

Dennis Layfield
Marine Safety Consultants
26 Water Street
Fairhaven, Massachusetts 02719
(508) 996-4110

**Category B** (Pursuant to Rule 26(a)(1)(B))

Defendant has already produced to the plaintiff all the documents known at this time to exist and that may fall under this Category.

**Category C** (Pursuant to Rule 26(a)(1)(C))

As further set forth in its Statement Of Elements (dated November 20, 2006) Defendant's counterclaim will seek recovery for any amounts paid out pursuant to any judgment in regard to (or settlement of) the underlying claim of the plaintiffs, plus all attorneys fees accrued in defending the plaintiffs' underlying claim. Neither amount can presently be determined; the former is related to damage claim amounts uniquely within the possession of the plaintiffs.

**Category D** (Pursuant to Rule 26(a)(1)(D))

The insurance policy covering Defendant has already been produced to the plaintiffs.

Dated: July 27, 2007

**POINT JUDITH MARINA, INC.**
By its attorneys,

______________________________

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670

**CERTIFICATE OF SERVICE**

By my signature below, I hereby certify that on this 27th day of July, 2007, I have served the above documents on the following counsel of record via postage pre-paid United States First Class Mail:

| | |
|---|---|
| Frederick A. Lovejoy, Esq.<br>LOVEJOY & ASSOCIATES<br>276 Center Road<br>Easton, CT 06612-1604 | Stephen I. Lipman, Esq.<br>45 Bromfield Street, 8th Floor<br>Boston, MA 02108-4106 |
| Gregory B. Klaiber, Esq.<br>39 Bellevue Avenue<br>Newport, RI 02840 | |

__________________________

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: mrauworth@cetcap.com
Email: sarmato@cetcap.com