UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK and NICHOLAS PICCHIONE, II, | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 06-190-S |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., and POINT JUDITH MARINA, LLC, | : | |
| Defendants. | : | |

ORDER

WILLIAM E. SMITH, United States District Judge

Before this Court is the Motion to Amend the Complaint filed by Plaintiffs Northern Insurance Company and Nicholas Picchione (collectively "Plaintiffs") and seeking to add claims for failure to warn against all Defendants. As Plaintiffs note in their Motion to Amend, the liberal standards of Fed. R. Civ. P. 15(a) provide that "leave to amend should be freely given under most circumstances." Montaup Elec. Co. v. Ohio Brass Corp., 561 F. Supp. 740, 750 (D.R.I. 1983). Yet, while Rule 15 allows that "leave shall be freely given when justice so requires," a District Court is within its discretion to deny a motion to amend where there is adequate reason, "e.g., undue delay, bad faith, dilatory motive on the part of the movant, futility of the amendment." Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983) ("The

reviewing court will generally defer to a decision to deny the motion where an underlying basis for denial - such as undue delay . . . [or] undue prejudice to the opposing party is - apparent or declared.") (citations and quotations omitted).

The original Complaint in this matter was filed by Plaintiffs on April 21, 2006. Plaintiffs filed this Motion to Amend on April 6, 2008, nearly two years after the filing of the original Complaint and approximately one month before trial. "While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party, . . . it is clear that 'undue delay' can be a basis for denial." Tiernan, 719 F.2d at 4. "[A] delay of more than two years [is] sufficient to place the burden upon the movant to show some valid reason for his neglect and delay." Id. (citations and quotations omitted). The Defendants strenuously object to the Motion, noting that it alleges an entirely new cause of action, changes the theory on which Plaintiffs' case has been proceeding against them, and would require additional discovery and trial preparation, all in the face of a rapidly approaching trial date.

Plaintiffs' delay in filing its Motion to Amend was just short of two years, and so may constitute undue delay on that basis alone. More important, however, is the fact that Plaintiffs have failed to provide any valid reason for the

delay. While Plaintiffs broadly represent in their motion papers that the decision to amend was based on information obtained through newly produced documents, the motion and supporting memorandum give no explanation of what this information is, and importantly, why they were unable to raise the claim at an earlier time in the proceedings. It is not this Court's job to beg the Plaintiffs for more information or go searching through pleadings and depositions in order to decipher what the Plaintiffs are claiming is new. Without a valid reason for the delay, the Court cannot justify the inevitable prejudice that will result to the Defendants who would be faced with an entirely new cause of action, and all that it entails, mere days before the start of trial.

In sum, because the Court finds Plaintiffs' motion to be unsupported by reasonable explanation, and because the addition of a new claim at this point in the proceedings would invariably delay the resolution of this case, the Motion to

Amend to add a failure to warn claim is denied.[1] See Tiernan, 719 F.2d at 4.

It is so ordered.

WESmith

William E. Smith
United States District Judge
Date: 5/8/08

[1] The Court should note as well that there is pending a motion to dismiss the tort claims alleged against Defendant Standish Boat Yard, Inc., that has yet to be decided. If the motion to dismiss is granted, then the motion to amend would also be futile at least as to Defendant Standish, and therefore appropriately denied. See Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) ("Futility of the amendment constitutes an adequate reason to deny the motion to amend. . . . The motion may also be denied if a proffered amendment comes 'too late,' or if it 'otherwise would serve no useful purpose.'") (Citations omitted).