UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**

The defendant, Point Judith Marina LLC ("PJM") hereby responds to the allegations of the plaintiffs, Northern Insurance Company of New York ("Northern") and Nicholas Picchione ("Picchione") (collectively "Plaintiffs"), in numbered paragraphs corresponding to those of the Amended Complaint, all pursuant to Fed. R. Civ. P. 8. Point Judith submits this Answer and Counterclaim out of an abundance of caution, inasmuch as the status of plaintiff's proposed amended complaint is not entirely clear, and does so without prejudice, so as to avoid any adverse effects should it be deemed to have been under a duty to answer the proposed amended complaint before the opening of the trial on Monday, May 12, 2008.

Whenever headings appearing in the Complaint are repeated here, that repetition is solely for ease of reference, and is without prejudice.

1. This paragraph does not allege well-pleaded facts but instead sets forth a conclusion of law as to which PJM is not obliged to respond. To the extent any response is deemed to be required, PJM puts plaintiffs to their proof.

2. This paragraph does not allege well-pleaded facts but instead sets forth a conclusion of law as to which PJM is not obliged to respond. To the extent any response is deemed to be required, PJM puts plaintiffs to their proof.

3. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

5. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

6. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

7. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

10. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

11. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. PJM, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

22. Denied.

23. Denied.

24. Admitted that the starboard transmission was replaced, but otherwise denied.

25. Denied.

26. Admitted that certain work was performed, but denied that any bilge pump was malfunctioning.

27. Admitted.

28. Denied as stated. The condition found was that the aftermost bilge pump — among the two bilge pumps located in the engine room — would not stop running when a switch controlling it was energized. For that reason, it was left de-energized.

29. Denied.

30. Denied. Point Judith switched power on to the other two bilge pumps, and confirmed that the automatic bilge pump function was operating as designed.

31. Denied. Point Judith was following its routine procedures as to notification of customers about non-emergency conditions of the vessel that the owner might wish to attend to. The vessel sank before this process reached its fruition.

32. Denied. There was a second bilge pump in the engine room that was confirmed to function properly in the automatic mode.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Admitted.

38. Admitted that Point Judith performed "pickling" of the engines and other salvage-related services following the sinking; denied that there was any inquiry or discussion as to work performed before the sinking, nor any duty for Point Judith to initiate the same.

**Count I – Products Liability**

39. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

40. This paragraph alleges no content relating to PJM, and PJM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent any response is deemed to be required, PJM puts plaintiffs to their proof.

41. Denied. PJM understands that, among other things, the vessel in question was run aground at least twice before April 25, 2005, and running aground is not an intended purpose of such a vessel.

42. PJM re-invokes the content of Paragraph 40.

43. PJM re-invokes the content of Paragraph 40.

44. PJM re-invokes the content of Paragraph 40.

45. PJM re-invokes the content of Paragraph 40.

**Count II - Negligence**

46. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

47. PJM re-invokes the content of Paragraph 40.

48. PJM re-invokes the content of Paragraph 40.

49. PJM re-invokes the content of Paragraph 40.

**Count III – Implied Warranty for a Particular Purpose**

50. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

51. PJM re-invokes the content of Paragraph 40.

52. PJM re-invokes the content of Paragraph 40.

53. PJM re-invokes the content of Paragraph 40.

**Count IV – Implied Warranty of Merchantability**

54. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

55. PJM re-invokes the content of Paragraph 40.

56. PJM re-invokes the content of Paragraph 40.

57. PJM re-invokes the content of Paragraph 40.

**Count V – Implied Warranty for a Particular Purpose**

58. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

59. PJM re-invokes the content of Paragraph 40.

60. PJM re-invokes the content of Paragraph 40.

61. PJM re-invokes the content of Paragraph 40.

**Count VI – Implied Warranty of Merchantability**

62. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

63. PJM re-invokes the content of Paragraph 40.

64. PJM re-invokes the content of Paragraph 40.

65. PJM re-invokes the content of Paragraph 40.

**Count VII – Failure to Warn**

66. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

67. PJM re-invokes the content of Paragraph 40.

**Count VIII – Failure to Warn**

68. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

69. Denied.

**Count IX – Breach of Warranty of Workmanlike Service**

70. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

71. PJM re-invokes the content of Paragraph 40.

**Count X – Breach of Warranty of Workmanlike Service**

72. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

73. Denied.

74. Denied.

**Count XI – Breach of Contract/Negligence**

75. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

76. Denied.

77. Denied.

**Count XII – Bailment**

78. PJM hereby restates and incorporates by reference its responses to the foregoing paragraphs, if the responses were set forth here at full length.

79. Denied. PJM launched the vessel and delivered it into the care, custody, and control of Plaintiff Picchione before she sank.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

### FIRST AFFIRMATIVE DEFENSE

The claim must be denied inasmuch as Plaintiff Picchione has expressly released PJM, and waived any claim for damage to the vessel.

### SECOND AFFIRMATIVE DEFENSE

If any injury to the interests of the plaintiff is found, the cause of it was in whole or in part his own negligence, for which reason the claim is barred or limited.

### THIRD AFFIRMATIVE DEFENSE

If the Plaintiff has been damaged as alleged (which is denied), the responsibility for this lies with some person or entity for whose conduct PJM is and was not responsible.

### FOURTH AFFIRMATIVE DEFENSE

Any obligations that PJM might have otherwise had to the plaintiff have been discharged and extinguished by his conduct, and for this reason PJM owes the plaintiff nothing.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate his damages, for which reason this claim is barred or limited.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff Picchione has expressly agreed and specified that no bailment relationship existed as between him and PJM, wherefore there can be no recovery in bailment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Picchione expressly agreed that the liability of PJM is limited to the upkeep of the marina, which bars any recovery in this case.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff Picchione expressly agreed to hold harmless and indemnify PJM with respect to any damage to Picchione's boat (as more further detailed below in the Counterclaim), and — without prejudice to PJM's right to an independent recovery pursuant to the counterclaim — the indemnity obligation operates as a set-off as against any possible judgment against PJM.

## NINTH AFFIRMATIVE DEFENSE

The economic loss doctrine bars plaintiffs from any recovery in tort, and limits them to any recovery that may be available pursuant to the terms of contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims alleging a duty to warn or a failure to warn are barred by the Court's ruling dated May 8, 2008, and docketed May 9, 2008.

WHEREFORE the Defendant PJM demands that judgment enter in its favor, that plaintiffs take nothing, that all relief sought against it be denied, that it may have its costs of defense of this matter, and that it may have such other relief as the Court may deem just.

## COUNTERCLAIM

1. Plaintiff and (defendant-in-counterclaim) Picchione signed a written storage contract, under the terms of which his boat was tied up at PJM after it was placed into the water.

2. The aforesaid contract expressly provided that Plaintiff Picchione promised to indemnify and hold PJM harmless with respect to any damage to his boat.

3. By reason of Picchione's promise, he is obliged to indemnify PJM for any amounts that PJM may eventually be adjudged liable to pay to the plaintiffs, together with any and all legal fees incurred in the defense of this matter, as well as any other costs.

WHEREFORE Point Judith Marina LLC prays that judgment enter against Picchione and in favor of PJM in the amount of any judgment that may be entered against PJM, and independently that judgment enter in favor of PJM in the amount of all legal fees incurred in the litigation of this action.

Dated: May 11, 2008

**POINT JUDITH MARINA, INC.**
By its attorneys,
_/s/ Carl E. Fumarola_________________
Stephen T. Armato, R. I. Bar #6395
Michael Rauworth (pro hac vice)
Carl E. Fumarola, Esq., R.I. Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850; Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com
Email: cfumarola@cetcap.com

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 11th day of May, 2008, I have served the above documents on the following counsel of record via ECF filing:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604
LOVEJOYADM@aol.com

_/s/ Carl E. Fumarola_________________
Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
Carl E. Fumarola, Esq., R.I. Bar #6980
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850; Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com
Email: cfumarola@cetcap.com



02006-0045
1049810v1