**Rauworth, Michael**

**From:** Rauworth, Michael
**Sent:** Friday, April 13, 2007 9:09 AM
**To:** 'LOVEJOYADM@aol.com'
**Subject:** RE: Northern Ins (Picchione) v. Pt Judith

Here you go, Fred.

++++++++++++++++++++++++++++

## INDIVIDUAL REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Any and all documents identified (or required to be identified) in response to either (1) the Recipient's Initial Disclosure or (2) any Interrogatories propounded by the Proponent at any time (the "Interrogatories"), or that were in any way used by anyone in preparing the Initial Disclosure or any responses to any such Interrogatories.

**REQUEST FOR PRODUCTION NO. 2**

Any and all documents and/or records concerning the Events or that describe, name, depict, refer to, or relate to the Events, including without limitation any photo, video, or graphical or other non-text documents, and including documents in any form, and including without limitation handwritten or electronic forms.

**REQUEST FOR PRODUCTION NO. 3**

A current C.V. and list of publications with reference to each expert identified or required to be identified in response to Proponent's interrogatories, by reason of any rule or order of Court, or pursuant to any agreed provision concerning disclosure of expert testimony; and, as to each such proposed expert, any and all documents or objects that you have made or will make available to any person who will give expert and/or opinion testimony in this matter, or upon which any such person relies or refers to in considering, refining, evaluating, arriving at or formulating any opinion to be presented in this matter.

**REQUEST FOR PRODUCTION NO. 4**

Any and all documents, objects, or physical things that you will offer as evidence or seek to introduce as an exhibit, or use as a chalk, summary or other demonstrative aid, or in any other way make visible, audible, tangible, accessible, or known to the trier of fact on any issue.

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents that relate to any of the claims or defenses in this case, including issues of damages.

**REQUEST FOR PRODUCTION NO. 6**

Any and all documents that relate to the Vessel.

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents that relate to the Proponent.

**REQUEST FOR PRODUCTION NO. 8**

Proponent calls for access to the Vessel by its attorneys, consultants, and/or experts.

++++++++++++++++++++++++++++

## INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1**

Identify each individual participating in the response to these interrogatories. In so identifying, provide the name, residential address, present occupation, business telephone, and title of each such individual, and identify each specific interrogatory as to which the said individual has participated in responding, and identify all documents and things that were reviewed, consulted, relied upon or otherwise utilized in responding to these interrogatories.

**INTERROGATORY NO. 2**

If you withhold (or refuse to disclose, produce, or divulge) anything whatsoever (of any character or nature) called for in any way by the Proponent's discovery materials (or by any other discovery request of any form presented to you at any time by the Proponent), then as to each such item withheld, identify fully the item withheld, and state each and every basis upon which you claim entitlement to withhold the item (whether on the grounds of privilege or otherwise), as well as the specific fact or facts that you contend creates the legal basis for withholding it.

**INTERROGATORY NO. 3:**

Identify each and every person (i) who took any part in the Events; (ii) who you have reason to believe may have experienced (in any way) or witnessed any part of the Incident, or (iii) who you have reason to believe may possess any information concerning any of the facts the plaintiff has alleged in this case — specifying (as to each such person) his or her involvement, role, or participation.

**INTERROGATORY NO. 4:**

Identify each and every person whose testimony you expect to present at trial, or from whom you will elicit testimony for use in any way in legal proceedings relating to the Incident (whether by deposition or by live testimony in Court or otherwise), and as to each person, state:

(1) the involvement or role of the person in the Events;

(2) the substance of the testimony (both as to facts and/or opinions) that you will seek to elicit from the person, whether at trial or otherwise; and

(3) a summary of the grounds and basis for any opinion, or expert testimony to be

elicited, and a synopsis of the training, experience and/or scholarship that will be any part of the basis for your attempt to have the witness in question testify to opinions.

**INTERROGATORY NO. 5:**

Identify each and every communication (whether in written form or otherwise) (i) whose content you expect to establish at trial; or (ii) that relates to any matter pertinent to the Incident, or (iii) that relates to any fact that you intend to establish as against the Proponent. In addition, with respect to each such communication:

a. identify what was communicated, as completely and exactly as possible, and by whom and to whom; and

b. identify as fully as possible each other participant in the communication (including each recipient, if the communication was in writing).

**INTERROGATORY NO. 6:**

This interrogatory concerns any Requests For Admissions served (at any time, in any form) by any Proponent on any Recipient. As to each and every one of Proponent's requests for admissions to which your response is *other than* an unqualified admission, separately:

a. identify precisely what you do and do not admit;

b. state the complete factual and/or legal state of affairs that you contend is at odds with any portion of the request as to which you do not make an unqualified admission;

c. identify all evidence on which you rely to prove such contrary factual state of affairs and/or all legal authorities on which you rely to establish any contrary legal position; and

d. state the complete basis in fact and in law that you contend provides you with a basis to avoid the payment of the Proponent's cost (under Rule 37) of proving or establishing the factual or legal state of affairs set forth in the particular request for admission.

**INTERROGATORY NO. 7:**

Itemize the whole of the damages that you claim against the Proponent in this action, and as to each item of damages: (1) explain the method by which you calculate it; (2) specify the grounds for setting the amount of each component of the calculation; and (3) identify all evidence that you intend to introduce to support your damages claim.

**INTERROGATORY NO. 8:**

Identify all individuals (regardless of employer) who dealt at any time with any the Vessel during the time period of the Events.

**INTERROGATORY NO. 9:**

State precisely how you contend that water entered the hull during the Events, what

act or omission of the Proponent you claim caused this, what you contend the Proponent should have done or not done instead, and what legal standard you claim was violated by the acts or omissions you attribute to the Proponent.

**INTERROGATORY NO. 10:**

Identify all evidence you will seek to introduce at trial to establish each and every element of your claim against the Proponent.

++++++++++++++++++++++++++++

## INDIVIDUAL REQUESTS FOR ADMISSION

1. Exhibit 1 (attached hereto and incorporated by reference) is a true and correct copy of the 2005 Summer Dockage/Rack Storage Agreement signed by Plaintiff Picchione.

2. Exhibit 1 is admissible in evidence.

3. Plaintiffs have no evidence that water entered the hull of the Vessel in any substantial amounts during the Events by way of any fitting or deliberately-created hole or opening in the hull.

4. Plaintiffs have no evidence that water entered the hull of the Vessel in any substantial amounts during the Events by reason of any act or omission attributable to the Proponent.

5. Plaintiff Picchione was aboard the Vessel for several hours during the period following her launch in April 2005 and before her sinking.

6. Plaintiff Picchione had a mechanic, technician, or other contractor or vendor aboard the Vessel for several hours during the period following her launch in April 2005 and before her sinking.

Michael J. Rauworth
Cetrulo & Capone LLP
Suite 1000 --- World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210
Tel: 617-217-5500
Fax: 617-217-5200
Dir: 617-217-5219
mrauworth@cetcap.com

5/11/2008