7/8/08

# United States District Court
# For The District Of Rhode Island

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

## POINT JUDITH'S SECOND REQUESTS FOR ADMISSION AND CALL FOR SUPPLEMENTATION

**Proponents:** Defendant **Point Judith Marina, LLC** ("Pt. Judith" or "PJM")

**Recipients:** Plaintiffs **Nicholas Picchione II** ("Picchione" or "Owner") and **Northern Insurance Company of New York** ("Northern")(collectively "Plaintiffs")

Pursuant to Fed. R. Civ. P. 36, each above-named Proponent hereby propounds the following Requests For Admission, to be answered by each above-named Recipient, under oath with the time limits set by Rule 36, and subject to the fee and cost-shifting provisions of Fed. R. Civ. P. 37. In propounding these requests, each Proponent calls for compliance by each Recipient with the full scope of duty imposed by Rule 36, as interpreted by applicable case law, and as calling for supplementation as provided for in the federal rules. In the interests of brevity and clarity of the individual requests that follow, the individual requests are preceded by definitions and instructions that are hereby incorporated in the individual requests as if their text had been set forth in the individual requests themselves at full length.

## SPECIFIC DEFINITIONS

A. "Defendant" or "Proponent" or "Pt. Judith" or "PJM" means the defendant Point Judith Marina, LLC.

B. "Recipient" has the definition set forth above.

C. The "Vessel" is that vessel owned or formerly owned by Picchione and known by the name of *Everready* or *Everready II.*

D. "Events" means and includes any and all acts, omissions, events, conditions, and/or occurrences alleged in plaintiff's complaint, including without limitation occurrences during the period April 20, 2005, through April 25, 2005.

## GENERAL DEFINITIONS AND INSTRUCTIONS

The following definitions apply to the interpretation of the requests that follow, except to the extent that these definitions are inconsistent with the standard definitions set forth in the Federal Rules of Civil Procedure. In the event of any inconsistency, the following are intended to supplement the effect of the standard definitions in the Federal Rules.

1. "Document" shall mean any record, information or recorded communication in whatever form, including without limitation, correspondence, books, pamphlets, periodicals, letters, memoranda, including any memorandum or report of a meeting or telephone or other conversation, invoice, account, credit, memo, financial statement, general ledger, subsidiary and supporting ledger, journal, diary, telegram, report, record, contract, agreement, study, draft, handwritten or other note, working paper, sketch, picture, plan, chart, paper, graph, index, tape, data sheet or data processing card, pro forma or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and regardless of origin or location, your possession, custody or control of any The SSA, or in that of your agents, accountants or attorneys. "Document" also means all copies of documents, by whatever means made, if the copy bears any other marking or notation not found on the original.

2. "Communication" shall mean any written or oral transmission of fact, information or opinion, including, but not limited to, any utterance, notation or statement of any nature whatsoever, any conversation (whether by telephone otherwise), and any meeting and also including, but not limited to, correspondence, reports and documents as defined herein.

3. "Correspondence" shall include, but shall not be limited to, any letter, telegram, telex, TWX, notice, message, memorandum or other written communication or transcription or notes of a communication.

4. "Report" shall include, but shall not be limited to, any study, analysis, appraisal, inspection, survey, test, poll, memorandum or statistical or financial compilation of information.

5. The terms "relating to" shall mean concerning, mentioning, discussing, involving, pertaining to, connected with, relied upon, constituting, or in any way relevant to the indicated item.

6. "Person" shall mean and refer to any individual, corporation, partnership, joint venture, sole proprietorship, company or other entity.

7. "You" or "Your" shall mean the recipient and any individual acting on behalf of the same.

8. "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope of the request.

9. Whenever there is a request to identify a document, the term "identify" shall mean to set forth:

(a) its author or authors;

(b) its addressee or addressees and all other person receiving copies;

(c) the type of document (i.e., letter, memorandum, contract, report, accounting records, etc.);

(d) a description of the document's contents;

(e) the document's present location; and

(f) the person in possession of the document.

10. Whenever there is a request herein to identify a communication, the term "identify" shall mean to set forth:

(a) the date, nature and purpose of such communication;

(b) each person who originated, received or participated in such communication;

(c) the place or places where it occurred;

(d) the type of communication (i.e., letter, telegram, telephone or face-to-face conversations, etc.); and

(e) the substance of such communication.

11. Whenever there is a request herein to identify a fact, the term "identify" shall mean:

(a) give a statement of the fact; and

(b) identify each source for the fact. "Source" shall refer to both documents and persons from which information has been derived.

12. Whenever there is a request herein to identify a person, the term "identify" shall mean:

(a) give the person's full name;

(b) give the person's residential address; and

(c) give the person's present occupation or principal business activity and working address.

13. "Identify," when used with respect to items of evidence, means to state:

a) as to evidence in the form of testimony of a witness, the name, address and telephone number of the witness and the relevant matters that the witness observed or to which the witness is expected to testify;

b) as to evidence in the form of a document, the date, author, nature, subject matter and current location of the document;

c) as to physical or demonstrative evidence, a description of the object, its location, the name, address and telephone number of the person who has the power to authorize access to it, and the precise characteristic of the object that you will contend tends to establish the proposition for which you will advance it;

d) as to any other form of evidence that you will contend should be made available to the fact-finder in arriving at any conclusion pertinent to these proceedings, sufficient information to permit the undersigned to use appropriate discovery techniques to assess the effect of the evidence (including information sufficient to locate and recognize the item of evidence), and a brief summary of what you contend its relevance is.

14. Any word written in the singular is intended to be construed as plural and vice versa in every sense that is not meaningless; and any use of the conjunctive should be construed as also being in the disjunctive and vice versa, in every sense that is not meaningless.

## INDIVIDUAL REQUESTS FOR ADMISSION

1. Plaintiff Nicholas Picchione II was aboard the Vessel on Saturday, April 23, 2005.

2. No employee of Point Judith was aboard the Vessel between the time that Plaintiff Nicholas Picchione II left it on Saturday, April 23, 2005 and the time that the Vessel was discovered sunken on the morning of Monday, April 25, 2005.

3. Neither plaintiff has any evidence to the effect that — or tending to prove that — any employee of Point Judith was aboard the Vessel between the time that Plaintiff Nicholas Picchione II left it on Saturday, April 23, 2005 and the time that the Vessel was discovered sunken on the morning of Monday, April 25, 2005.

## CALL FOR SUPPLEMENTATION

In light of the foregoing requests, the Proponents hereby call upon the Recipients to supplement their answers to Interrogatory No. 6, previously served upon Recipients approximately a year ago. For the convenience of the Recipients, the text of that Interrogatory is repeated here.

**INTERROGATORY NO. 6:**

This interrogatory concerns any Requests For Admissions served (at any time, in any form) by any Proponent on any Recipient. As to each and every one of Proponent's requests for admissions to which your response is *other than* an unqualified admission, separately:

a. identify precisely what you do and do not admit;

b. state the complete factual and/or legal state of affairs that you contend is at odds with any portion of the request as to which you do not make an unqualified admission;

c. identify all evidence on which you rely to prove such contrary factual state of affairs and/or all legal authorities on which you rely to establish any contrary legal position; and

d. state the complete basis in fact and in law that you contend provides you with a basis to avoid the payment of the Proponent's cost (under Rule 37) of proving or establishing the factual or legal state of affairs set forth in the particular request for admission.

Dated: April 8, 2008

**POINT JUDITH MARINA, INC.**
By its attorneys,

Michael Rauworth

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 8th day of April, 2008, I have served the above documents on the following counsel of record ***via email*** and via postage pre-paid United States First Class Mail:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604
LOVEJOYADM@aol.com

Robert Collins, Esq.
CLINTON & MUZYKA, P.C.
1 Washington Mall, Suite 1400
Boston, MA 02108
rcollins@clinmuzyka.com

Michael Rauworth

Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: mrauworth@cetcap.com
Email: sarmato@cetcap.com



02006-0045
1020634v1