UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK<br>Plaintiff,<br><br>v.<br><br>ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC,<br>Defendants. | : | C.A. 06-190S<br><br>June 19, 2008 |

AMENDED 28 U.S.C. § 1746 STATEMENT OF FREDERICK A. LOVEJOY IN OPPOSITION TO THE DECLARATION OF MICHAEL RAUWORTH (DOCKET NO. 81)

1. That I am 18 years of age or older and understand the obligation of an oath.

2. That I make the 28 U.S.C. § 1746 statement in opposition to defendant Point Judith Marina, LLC's attempt to have the queries in its March 29, 2007 Request for Admissions and its April 8, 2008 Second Request for Admissions deemed admitted.

3. Attached hereto as Exhibit 1 are the plaintiff's April 26, 2007 responses to defendant's March 29, 2007 Request for Admissions.

4. That I personally drafted the said responses on or about April 26, 2007.

5. That on April 26, 2007, I personally executed the plaintiff's Responses to Defendant's Request for Admissions and the certification attached thereto.

6. That it is my office's practice to mail responses to pleadings, motions, et cetera, on the same day that they are executed and certified.

7. That I have no reason to believe that my office's standard mailing practices were not followed in respect to the above.

8. That I have personally reviewed the 2007 postage log for our file no.: 05-382, i.e., Northern Insurance Company of New York v. Albin Manufacturing, Inc., Standish Boat Yard, Inc., and Point Judith Marina, LLC, which indicates that three first class envelopes weighing 1 oz. or less were mailed to the three defendants in this case on April 26, 2007. (See Exhibit 2 attached hereto – highlighting ours)

9. That I have reviewed the pleadings file, correspondence file, and miscellaneous file relating to our file number 05-382, which contain all documents relating to any first class mailings made in relation to this case, and the only letter(s)/document(s) in any of those files, dated April 26, 2007, is plaintiff's Response to Request for Admissions, dated April 26, 2007.

10. That after having reviewed the above, and knowing our office practices, I am certain that plaintiff's Responses to Request for Admissions, dated April 26, 2007, was mailed on April 26, 2007 by Lovejoy & Associates via First Class postage on that date.

11. Additionally, I reviewed all correspondence in file 05-382 relating to discovery issues in this case.

12. Attached hereto as Exhibit 3 is Attorney Michael Rauworth's July 27, 2007 correspondence which dealt with defendant Point Judith Marina, LLC's March 29, 2007discovery requests; i.e., 1) Request for Production of Documents and Tangible Things, and 2) Interrogatories.

13. That defendant Point Judith Marina, LLC's Interrogatories, Request for Production of Documents and Tangible Things, and Request for Admissions were all received at the same time by my office.

14. Nowhere in his July 27, 2007 correspondence does Attorney Rauworth indicate that the plaintiff's responses to defendant Point Judith Marina, LLC's March 29, 2007 Request for Admissions have not been received and/or are in any way outstanding.

15. Additionally, the undersigned had obtained, from and/or with the consent of Attorney Rauworth, extensions of time to respond to the outstanding discovery served by Point Judith Marina, LLC because the defendant were trying to determine if a large number of the documents that defendant request were lost when the M/V EVEREADY sank and, if so, whether duplicates could be obtained from other sources.

16. If Attorney Rauworth knew during the spring of 2007 that he had not received plaintiff's Responses to defendant's Request for Admissions, he was not being forthright with the undersigned.

17. Since it is now 13 ½ months after the fact, I cannot personally state that I remember mailing the subject responses, however all of my office practices and files indicate that the said responses were mailed on April 26, 2007 pursuant to the custom and practice of my office.

18. That between April 29, 2007, the due date for plaintiff's responses, and May 12, 2008, I was never contacted by counsel for defendant Point Judith Marina, LLC and/or asked where plaintiff's allegedly past due responses where.

19. That on the two occasions when the deposition of Nicholas Picchione, II was taken, counsel for defendant, Point Judith Marina, LLC, inquired into the very material/issues that he now attempts to have this Court rule were admitted..

20. That again at trial, counsel for defendant Point Judith Marina, LLC inquired of Mr. Picchione as to the same subjects that he now seeks to have this Court deem as admitted.

21. That defendant Point Judith Marina, LLC is attempting to nullify after the fact the trial testimony of Nicholas Picchione, II which this court heard at trial and is able to access.

22. That attached hereto as Exhibit 4 is plaintiff's May 8, 2008 objection/responses to defendant Point Judith Marina, LLC's Second Request for Admissions dated April 8, 2008.

23. That the undersigned personally drafted the plaintiff's objection/responses to defendant Point Judith Marina, LLC's Second Request for Admissions on the afternoon of May 8, 2008.

24. That the undersigned on May 8, 2008 personally: 1) executed the plaintiff's Objection/Responses to defendant Point Judith Marina, LLC's Second Request for Admissions; 2) executed the certification attached thereto, and 3) posted and deposited the envelope containing the same in a blue U.S. Postal Service mailbox on that date.

25. That attached as Exhibit 5 is a true and accurate copy of the Court's September 20, 2007 Amended Pretrial Order (Docket No. 29) which set a cut off for all fact discovery of January 15, 2008.

26. That subsequent to the Court issuing its September 20, 2007 Amended Pretrial Order, counsel for defendant Point Judith Marina, LLC filed no motion(s) seeking leave of court to file any additional fact discovery, including but not limited to defendant Point Judith Marina, LLC's Second Request for Admissions in this case.

I declare under penalty of perjury that the foregoing is true and corrected. Executed on June 19, 2008.

Frederick A. Lovejoy

Picchione1746FAL6-08.doc

# Exhibit 1

Picchione

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | |
| v. | : | C.A. 06-190S |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | April 26, 2007 |

RESPONSE TO REQUESTS FOR ADMISSIONS

RESPONSE TO REQUEST NO. 1: ADMITTED

RESPONSE TO REQUEST NO. 2: DENIED

RESPONSE TO REQUEST NO. 3: DENIED

RESPONSE TO REQUEST NO. 4: DENIED

RESPONSE TO REQUEST NO. 5: Plaintiff, Nicholas Picchione, admits that he was on board the M/V Eveready on April 22 and 23, 2005, but when he left the vessel its cabin was open and there remained tools on his vessel that belonged to a mechanic from Point Judith Marina, LLC. Additionally, one of the mechanics from Point Judith Marina, LLC advised Mr. Picchione that

his vessel would be sea-trialed at the beginning of the next week As such, Mr. Picchione did not operate his vessel.

RESPONSE TO REQUEST NO. 6: DENIED

Dated: Providence, Rhode Island
April 26, 2007

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: ______________________

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneAdmissionResponses.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on April 26, 2007, postage prepaid, to:

Stephen I. Lipman, Esq.
45 Bromfield Street
Boston, Massachusetts 02108

Gregory Klaiber, Esq.
38 Bellview Avenue
Newport, Rhode Island 02840

Michael Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY

# Exhibit 2

2007 → MAILING EXPENSES 05-382

| | | |
|---|---|---|
| 4/10/07 | $7.12 @ 3 | $21.36 |
| 4/13/07 | .63 | .63 |
| 4/17/07 | .39 @ 3 | 1.17 |
| 4/26/07 | .39 @ 3 | 1.17 |
| 8/1/07 | .75 @ 3 | 2.25 |
| 8/7/07 | .41 @ 3 | 1.23 |
| 8/7/07 | .58 @ 3 | 1.74 |
| 8/10/07 | .41 @ 3 | 1.23 |
| 8/10/07 | .41 | .41 |
| 8/13/07 | .41 @ 3 | 1.23 |
| 9/13/07 | .95 @ 3 | 2.85 |
| 9/17/07 | .75 @ 3 | 2.25 |
| 9/22/07 | .41 | 41 |
| 9/27/07 | .41 @ 3 | 1.23 |
| 10/15/07 | .75 @ 3 | 2.25 |
| 10/16/07 | .58 @ 3 | 1.74 |
| 10/22/07 | .41 @ 3 | 1.23 |
| 10/22/07 | .41 @ 3 | 1.23 |
| 10/31/07 | .41 @ 3 | 1.23 |
| 11/15/07 | 10.23 | 10.23 |
| 11/19/07 | .41 @ 3 | 1.23 |
| 12/21/07 | .58 @ 3 | 1.74 |

# Exhibit 3

 09-382

CETRULO & CAPONE LLP
COUNSELLORS AT LAW
TWO SEAPORT LANE
BOSTON, MASSACHUSETTS 02210
TELEPHONE (617) 217-5500
FACSIMILE (617) 217-5200
www.cetcap.com
SENDER'S DIRECT DIAL: (617) 217-5219
SENDER'S E-MAIL: mrauworth@cetcap.com

NEW YORK, NEW YORK
TELEPHONE (212) 635-2230

PROVIDENCE, RHODE ISLAND
TELEPHONE (401) 274-7850

July 27, 2007

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604

Re: **NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II V. ALBIN MARINE, INC. , STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC; C.A.-06-190-S (U.S.D.C.R.I.)**

Dear Attorney Lovejoy:

This is an invitation to conference pursuant to Fed. R. Civ. P. 37(a)(2)(B), with regard to plaintiff's failure to answer Pt. Judith's interrogatories and to comply with Pt. Judith's document requests under Rule 34, each of which was served in March of this year. The Court's order in April called for compliance with these outstanding requests, and this has not occurred.

This invitation also applies to plaintiff's failure to provide a date for the further photography of the air conditioning seawater intake hose, as described to you in my June 25 letter. The defendants are entitled to pursue obtaining this evidence about this hose, which has great significance. Attorney Klaiber went to great trouble to arrange a visit for July 20 — a week ago — and you called that event off without providing an alternate opportunity for this to occur.

The latter invitation applies to all parties, and as a result, I am proposing that the discovery conference be accomplished by conference call.

The purpose of this invitation is our attempt to resolve the outstanding discovery issues without the need for judicial intervention, as called for by the Rule. In the event that you do not respond, this will leave the defendants with no choice but to proceed with motion practice seeking a Court order providing the defendants with appropriate relief in light of the events. My client reserves all rights and remedies, and without prejudice to other remedies, would expect to seek its costs for having to proceed with motion practice.

We will look forward to your reply, including dates for conducting the conference call.

Very truly yours,

Michael Rauworth

Michael Rauworth

cc: Stephen I. Lipman, Esq.
Gregory B. Klaiber, Esq.

# Exhibit 4

Picchione 65-38

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II, Plaintiffs, | : | CA-06-190-S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC Defendants. | : | May 8, 2008 |

PLAINTIFFS NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE, II'S RESPONSES TO DEFENDANT POINT JUDITH MARINA, LLC'S REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1:

Plaintiff Nicholas Picchione II was aboard the Vessel on Saturday, April 23, 2005.

REQUEST FOR ADMISSION NO. 2:

No employee of Point Judith was aboard the Vessel between the time that Plaintiff Nicholas Picchione II left it on Saturday, April 23, 2005 and the time that the Vessel was discovered sunken on the morning of Monday, April 25, 2005.

REQUEST FOR ADMISSION NO. 3:

Neither plaintiff has any evidence to the effect that — or tending to prove that — any employee of Point Judith was aboard the Vessel between the time that Plaintiff Nicholas Picchione II left it on Saturday, April 23, 2005 and the time that the Vessel was discovered sunken on the morning of Monday, April 25, 2005.

REQUEST FOR SUPPLEMENTATION:

In light of the foregoing requests, the Proponents hereby call upon the Recipients to supplement their answers to Interrogatory No. 6, previously served upon Recipients approximately a year ago. For the convenience of the Recipients, the text of that Interrogatory is repeated here.

INTERROGATORY REQUEST NO. 6:

This interrogatory concerns any Requests For Admissions served (at any time, in any form) by any Proponent on any Recipient. As to each and every one of Proponent's requests for admissions to which your response is *other than* an unqualified admission, separately:

a. identify precisely what you do and do not admit;

b. state the complete factual and/or legal state of affairs that you contend is at odds with any portion of the request as to which you do not make an unqualified admission;

c. identify all evidence on which you rely to prove such contrary factual state of affairs and/or all legal authorities on which you rely to establish any contrary legal position; and

d. state the complete basis in fact and in law that you contend provides you with a basis to avoid the payment of the Proponent's cost (under Rule 37) of proving or establishing the factual or legal state of affairs set forth in the particular request for admission.

RESPONSE TO REQUESTS FOR ADMISSION NOS. 1, 2, 3:

Plaintiffs object to these requests, as the time period for completing discovery has long past, and the defendant Point Judith Marina, LLC has not filed any motion with the Court seeking leave to serve additional discovery requests.

Additionally, these requests appear to duplicate earlier requests that were served by defendant Point Judith Marina, LLC and timely responded to by plaintiffs.

Finally, Interrogatory No. 6 is violative of the Fed. R. Civ. P. in that the said rules state with specificity what is required of a party responding to a Request for Admission and Interrogatory No. 6 seeks information which is beyond and different than required by the said Rule.

Dated: Providence, Rhode Island
May 8, 2008

Lovejoy & Associates
Attorneys for Plaintiffs
Northern Insurance Company of New York and
Nicholas Picchione, II

By: ______________________

Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneResponses4-08.doc

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on May 8, 2008, postage prepaid, to:

Robert E. Collins
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY

# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORTHERN INSURANCE COMPANY OF
NEW YORK and NICHOLAS PICCHIONE, II

v. C.A. 06-190S

ALBIN MARINE, INC.,
STANDISH BOAT YARD, INC. and
POINT JUDITH MARINA, LLC.

AMENDED PRETRIAL ORDER

The previous amended pretrial order of May 3, 2007 is hereby further amended as follows:

1. Fact discovery closure is now extended to January 15, 2008. No further extensions will be granted. **

2. Plaintiffs shall disclose all expert opinions on or before November 16, 2007.

3. Defendant Albin will disclose its expert opinion on or before October 5, 2007.

4. The remaining defendants shall disclose their expert opinions, if any, on or before December 7, 2007.

5. Dispositive motions will be filed on or before December 31, 2007.

6. Pretrial memoranda shall be filed 30 days after a decision on any dispositive motions, or, if no dispositive motions are filed, January 31, 2008.

7. This matter is transferred from Magistrate Judge David L. Martin to Magistrate Judge Robert W. Lovegreen.

8. This matter is scheduled for another settlement conference with Magistrate Judge Lovegreen on January 16, 2008 at 9:30 AM. **At this settlement conference, the counsel of record must attend with their parties or insurance representatives with full authority to settle this matter.**

So Ordered.

ENTER:

Robert W. Lovegreen
United States Magistrate Judge
September 2C. 2007

By Order of

Deputy Clerk

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was served via e-filing or mailed on June 19, 2008, postage prepaid, to:

Robert E. Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.,
Albin Marine, Inc.,
Fred W.A. Peters, Monica Peters
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

/s/ Frederick A. Lovejoy
FREDERICK A. LOVEJOY