UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK AND NICHOLAS PICCHIONE II<br>Plaintiffs<br>v.<br>ALBIN MARINE, INC.; STANDISH BOAT YARD, INC. and POINT JUDITH MARINA, LLC.<br>Defendants | CIVIL ACTION NO. 06-190-S |

## OPPOSITION TO PLAINTIFF'S POST-TRIAL MOTIONS TO STRIKE

This submission responds to:

a. plaintiffs' Motion to Strike (Docket No. 99); and

b. plaintiffs' undocketed letter to the trial judge dated June 20, 2008, seeking relief in the nature of a motion to strike.

Point Judith Marina, LLC (Pt. Judith) opposes both. Plaintiffs' arguments are unsound.

First, there is no general prohibition upon responses to an opposing party's post-trial submission. Indeed, Local Rule Cv 7 authorizes reply memoranda without seeking leave of court. Plaintiffs' argument would have it that they would be able to say anything at all in a post-trial submission — utterly immune from the accountability that comes when a litigation adversary points out shortcomings. This would be at odds with the core of the adversary system, and would encourage litigants to make irresponsible submissions to courts.

Contrary to plaintiffs' suggestions, Pt. Judith's Post-Trial Memorandum was limited to arguing the case on the evidence, and its reply memorandum was completely "within the scope" of the plaintiffs' post-trial submission.

In addition, the notion that post-trial submissions had to be contained in a single document, or that they were subject to some particular page limit, is groundless. The Court imposed no such limit, and its final comments even contemplated that the submissions might be in the form of more than one document.

> THE COURT: Just put it all in your post-hearing submissions. So you need to deal with all this as part of your submissions. So in addition to proposed findings of fact and conclusions of law, you have to, either in the same document or in a separate document, deal with this submission.

Tr. Vol. V, Page 56. It is difficult to imagine how plaintiffs can contend that they were prejudiced by Pt. Judith's content not appearing in a single document, especially as the Court did not set out any provisions as to plaintiff/defendant *sequencing* of post-trial submissions, and as Pt. Judith's Rule 52 requests expressly noted that they would be accompanied by a memorandum, and were available to plaintiffs for more than two full days before their own filing.

Plaintiffs attack on the question of allocation of responsibility to Standish is particularly curious, since plaintiffs themselves pleaded abundant allegation of Standish's wrongdoing, and then introduced evidence that supported those very allegations. Pt. Judith had no obligation to duplicate any of that — the need to allocate per the *AmClyde* decision would have applied if Standish had not settled, and

the plaintiffs cannot escape the force of the *AmClyde* case by settling on the eve of trial. And there was no obligation to cross-claim, since contribution can be sought post-judgment; comparative-fault allocation does not hinge on the existence of cross-claims. Plaintiffs cannot be heard to argue that they can have matters both ways.

Plaintiffs argument about timeliness suffers from the same flaw. Pt. Judith's Motion for Judgment as a Matter of Law (Docket No. 77) was filed on May 15, 2008, yet plaintiffs sought to have their post-trial memorandum, filed more than a month later on June 16 (Docket No. 94), treated as their opposition to it. What is sauce for the goose is sauce for the gander. If plaintiffs seek to deprive Pt. Judith of the effect of its Post-Trial Memorandum, then the case should be dismissed in its entirety for lack of a timely opposition to Pt. Judith's Motion for Judgment as a Matter of Law.

It might also be recalled that plaintiffs closed out their direct examination of Mr. Robbins (Tr. Vol. III, p. 90-91) and allowed cross-examination to begin, but were indulged in interrupting that cross-examination, to re-open direct examination in order to introduce evidence on value that otherwise would have been waived. One who seeks indulgences in his favor should have the grace not to be stingy with them himself.

Finally, Pt. Judith submits that making arguments on the merits through undocketed letters to the Court — untrackable via the ECF system — is not to be condoned, and that the same applies to *ad hominem* attacks on opposing counsel. A

party's submissions should be confined to the merits of the matter before the Court, and presented through proper channels.

WHEREFORE, Pt. Judith urges that the relief plaintiffs have sought be denied.

Dated: June 25, 2008

**POINT JUDITH MARINA, LLC.**
By its attorneys,
/s/ Carl E. Fumarola
Stephen T. Armato, R. I. Bar #6395
Michael Rauworth (pro hac vice)
Carl E. Fumarola, Esq., R.I. Bar #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com
Email: cfumarola@cetcap.com

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that on this 25th day of June, 2008, I have served the above document on the following counsel of record via ECF filing:

Frederick A. Lovejoy, Esq.
LOVEJOY & ASSOCIATES
276 Center Road
Easton, CT 06612-1604
LOVEJOYADM@aol.com

/s/ Carl E. Fumarola
Stephen T. Armato, R. I. Bar #6395
Michael Rauworth *(pro hac vice)*
Carl E. Fumarola, Esq., R.I. Bar #6980
**CETRULO & CAPONE LLP**
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: sarmato@cetcap.com
Email: mrauworth@cetcap.com
Email: cfumarola@cetcap.com