**LOVEJOY & ASSOCIATES**
ATTORNEYS AT LAW

**Frederick A. Lovejoy***

**Jennifer L. Hayes□**
**Patricia A. Shepard†**

*Admitted NY, CT, RI and NJ
□Admittted in NY and CT
†Admitted in CT

1536 WESTMINSTER STREET
PROVIDENCE, RHODE ISLAND 02909
TELEPHONE (401) 273-7747
TELEFAX (401) 421-4818
EMAIL ADDRESS: LOVEJOYADM@AOL.COM

RECEIVED

JUN 26 2008

Chambers of
Judge William E. Smith

June 20, 2008

Re: Northern Insurance Company of New York
v. Albin Marine, Inc., et al.
Docket No.: CA 06 190-S
(Our File # 05-382)

Honorable William E. Smith
U.S. District Judge
District of Rhode Island
One Exchange Terrace
Providence, Rhode Island 02903

Dear Judge Smith:

We represent plaintiff Northern Insurance Company of New York in the above-captioned action.

We write to request that your Honor strike the defendant Point Judith Marina, LLC's Post Trial Brief (Docket No. 96) filed on June 17, 2008, for two reasons; i.e., 1) it is untimely, and 2) defendant Point Judith Marina, LLC had already filed its post-trial submission entitled "Proposed Findings of Fact and Conclusions of Law," comprising 28 pages, on June 14, 2008 (Docket No. 90).

Simply put, we believe that defendant Point Judith Marina, LLC should have only one bite at the apple. Moreover, a reading of defendant Point Judith Marina, LLC's Post-Trial Memorandum filed on June 17, 2008, totaling an additional 35 pages (Docket No. 96), indicates that it is, in part, actually a Reply to Plaintiff's Proposed Findings of Fact and Conclusions of Law filed on June 16, 2008 (Docket No. 94).

Additionally, for the first time, defendant Point Judith Marina, LLC argues that the settling defendant, Standish Boat Yard, Inc., is liable for the loss of the M/V EVEREADY.

NEW YORK OFFICE: 82 WALL STREET, SUITE 1105, NEW YORK, NEW YORK 10005
TELEPHONE: (212) 344-1717 TELEFAX: (203) 459-9943

CONNECTICUT OFFICE: 276 CENTER ROAD, EASTON, CONNECTICUT 06612
TELEPHONE: (203) 459-9941 TELEFAX: (203) 459-9943

While under McDermott v. AmClyde, 515 U.S. 202 (1994), it would have been proper for defendant Point Judith Marina, LLC to introduce evidence as to that assertion at the trial of this matter, plaintiff submits that it is improper for defendant Point Judith Marina, LLC to make such an argument for the first time[1] in Defendant's Post-Trial Memorandum (Docket No. 96). Obviously, the plaintiff cannot now introduce rebuttal evidence and/or even respond to defendant Point Judith Marina, LLC's new argument, thus, resulting in substantial prejudice to plaintiff. For the Court to now attempt to assess fault against defendant Standish Boat Yard, Inc. when no evidence was introduced at trial on the issue, we submit, would be incorrect.[2]

Simply put, plaintiff believes that defendant Point Judith Marina, LLC waived its right to have the Court consider defendant Standish Boat Yard, Inc.'s liability when it elected not to introduce any evidence on the issue at trial.

Furthermore, defendant Point Judith Marina, LLC contains arguments that are not based on any testimony/exhibits admitted at trial and, as such, is additionally improper in that regard.

We appreciate the Court's anticipated attention to the above.

Respectfully yours,

Frederick A. Lovejoy

FAL/jr
cc: Michael Rauworth, Esq.
PicchioneSmith6-08.doc

[1] Defendant Pont Judith Marina, LLC did not file cross-claims against either defendants Standish Boat Yard, Inc. or Albin Manufacturing, Inc., although both Standish Boat Yard, Inc. and Albin Manufacturing, Inc. filed cross-claims against defendant Point Judith Marina, LLC.

[2] The reason that plaintiff was able to settle out with defendant Standish Boat Yard, Inc. is that it was a bit player in the events that caused the sinking of the M/V EVEREADY.