UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK<br>Plaintiff, | : | C.A. 06-190S |
| v. | : | |
| ALBIN MANUFACTURING, INC., STANDISH BOAT YARD, INC., AND POINT JUDITH MARINA, LLC,<br>Defendants. | : | June 30, 2008 |

PLAINTIFF NORTHERN INSURANCE COMPANY OF NEW YORK'S REPLY TO DEFENDANT POINT JUDITH MARINA, LLC'S OPPOSITION (DOCKET NO. 102) TO PLAINTIFF'S POST-TRIAL MOTION TO STRIKE (DOCKET NO. 100)

Now comes plaintiff, Northern Insurance Company of New York, and states as its Reply to defendant Point Judith Marina, LLC's Opposition (Docket No. 102) to Plaintiff's Post-Trial Motion to Strike (Docket No. 100) as follows:

Defendant Point Judith Marina, LLC's assertions as to why its numerous post-trial submissions should be allowed by this Court are without merit.

First: Defendant Point Judith Marina, LLC appears to be arguing that a U.S. District Judge in the District of Rhode Island has no say over when and in what form he/she will take post-trial submissions; i.e., how a judge will control his/her docket.

Moreover, defendant Point Judith Marina, LLC's invocation of Local Civil Rule 7 is disingenuous. Simply stated, Local Civil Rule 7 is entitled "LR CV 7 Motions" and as such, is specifically germane only to motions, and not to post-trial findings of fact and conclusions of law and/or other post trial submissions that may be directed/required by the Court.

Second: Defendant Point Judith Marina, LLC distorts the quote it attributes to Judge Smith from the May 22, 2008 Trial Transcript at p. 56. Simply stated, Judge Smith was referring to both parties when he used the plural in discussing submission of the parties' Proposed Findings of Fact and Conclusions of Law and never stated that he was requesting/allowing either of the parties to submit multiple post-trial submissions. With respect to the second submission that the Court was referring to, it was a submission solely directed to the Request for Admissions issue being asserted by Attorney Rauworth (see pages 55 and 56 of the May 22, 2008 trial transcript attached hereto as Exhibit 1) issue.[1]

Unfortunately, counsel for defendant Point Judith Marina, LLC's assertion about the Court granting permission for the submission of multiple briefs, by defendant Point Judith Marina, LLC or anyone else, directed to the evidence introduced at the trial of this matter is less than forthright.

If defendant Point Judith Marina, LLC wanted to submit additional post-trial briefs, it should have sought leave to do so from the Court so that such briefs, if allowed, could be submitted in an orderly manner, and so that no prejudice would result to the plaintiff. Instead, defendant Point Judith Marina, LLC simply did as it pleased without seeking authorization from the Court.

If the two unauthorized briefs that defendant, Point Judith Marina, LLC, unilaterally filed are not stricken, plaintiff Northern Insurance Company of New York is clearly prejudiced.

Additionally, defendant Point Judith Marina, LLC's contention that plaintiff Northern Insurance Company of New York introduced evidence against defendant Standish Boat Yard, Inc. at trial is inaccurate. In fact, plaintiff made certain that it did not assert any claims against defendant Standish Boat Yard, Inc. at the trial of this matter. Moreover, if defendant Point Judith Marina, LLC

[1] As the Court will remember, counsel for defendant Point Judith Marina, LLC attempted to claim at trial that he had not agreed to allow the plaintiff Northern Insurance Company of New York to amend its complaint to include a

believed that defendant Standish Boat Yard, Inc. had any liability for the sinking of the M/V EVEREADY, it should have introduced whatever evidence it had at trial so that the plaintiff could respond have responded to it, if necessary. Waiting to assert those allegations by ambush in its post-trial submissions, plaintiff submits, is improper. Even if proper, plaintiff has had no opportunity to respond to defendant Point Judith Marina, LLC's assertions by the introduction of any evidence. Moreover, in order to properly assess the correct percentage of liability, against defendant Standish Boat Yard, Inc., if Standish Boat Yard, Inc. is legally liable, the Court will have to address legal issues relating to claims involving products liability issues, which neither party has briefed to this Court.

CONCLUSION

Based on the foregoing, and on plaintiff Northern Insurance Company of New York's Motion to Strike, this Court should strike defendant Point Judith Marina, LLC's Opposition (Docket No. 102) to Plaintiff's Post-Trial Motion to Strike (Docket No. 100).

Dated: Providence, Rhode Island
June 30, 2008

Lovejoy & Associates
Attorneys for Plaintiff
Northern Insurance Company of New York

By: /s/ Frederick A. Lovejoy
Frederick A. Lovejoy (Bar No. 5313)
1536 Westminster Street
Providence, Rhode Island 02909
(401) 273-7747
(401) 273-4818 telefax

PicchioneReply6-08.doc

count for failure to warn when he had, in fact, entered into such an agreement at the post-trial conference held before Judge Smith on May 5, 2008. (See Trial Transcript 5/12/08, pp. 12-15)

# Exhibit 1

and it goes where it usually goes. It goes to a regional -- it's in Easton, Connecticut. It's a small town. It goes to a regional site. It got mailed and went to his office.

MR. RAUWORTH: We also got another pleading by e-mail the very same day on May 8th.

THE COURT: It doesn't matter whether other things have been done by e-mail. What's important is whether it's timely or not. First of all, whether your request for admission is timely; and secondly, if it is, is the objection timely. If the objection is timely -- I mean, it doesn't matter if he sent a hundred things by e-mail. He's entitled to mail his response, hand it to you, how ever he does it, that's not the issue. Then if the objection is timely, then presumably it's not admitted if it's objected to.

So I'll let you -- you've got a copy of what Mr. Rauworth just submitted. You can submit a response to that with the appropriate affidavits and exhibits to answer what it is he is asserting in his declaration and in these documents, and then I'll take it under advisement.

If I find that these admissions are admissions, then I'll make that part of the record. If not, I'll give you a ruling as part of the decision in the case.

MR. LOVEJOY: With respect to the first one, it dealt with a document that I agreed was authentic and agreed to come in.

THE COURT: Just put it all in your post-hearing submissions. So you need to deal with all this as part of your submissions. So in addition to proposed findings of fact and conclusions of law, you have to, either in the same document or a separate document, deal with this submission.

MR. LOVEJOY: Fine, your Honor.

THE COURT: Okay? So does that -- subject to ruling on those two matters, the deposition and the request for admissions, does that complete the presentation of evidence in this case?

MR. RAUWORTH: That does for the defendant, your Honor?

THE COURT: Is there any rebuttal by the plaintiff?

MR. LOVEJOY: No, your Honor.

THE COURT: All right. Then the record will be closed subject to ruling on those two items.

MR. RAUWORTH: As a matter of housekeeping, your Honor, we did just want to touch on the timing question.

As soon as we got back to the office last week,

CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on June 30, 2008, postage prepaid, to:

Robert E. Collins, Esq.
Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, Massachusetts 02108

Albin Manufacturing, Inc.,
Albin Marine, Inc.,
Fred W.A. Peters, Monica Peters
143 River Street
Cos Cob, Connecticut 06807

Michael J. Rauworth, Esq.
Cetrulo & Capone LLP
321 South Main Street
Providence, Rhode Island 02903

FREDERICK A. LOVEJOY